MARY MATHEWSON *v.* ANDREW SMITH.

A husband, during the coverture, was seized of an estate which he mort-
gaged to one J. T. ; and the wife relinquished to the mortgagee her
right of dower.  It was *held*, that on payment of the notes secured by
the mortgage, by the administrator of the mortgagor, and out of the
estate of the mortgagor, the wife was entitled to be endowed of one
third part of the premises ; the condition being performed on which the
estate was conveyed by the wife.

THIS was an action of dower, wherein the plaintiff de-
manded against the defendant her reasonable dower in a cer-
tain farm.  The plaintiff averred, that the late Thomas
Mathewson, the husband of the plaintiff, was seized of the
said farm in fee, and that during the coverture was actually
in possession thereof, and died seized thereof; and that she,
after the death of her husband, on the 26th August, 1832,
did demand of the defendant, who then did, and now does,
claim a right and inheritance in the premises, and who then
was tenant in possession thereof, to assign and set over to
her, the plaintiff, her dower, or just third part of and in the
same ; and that the defendant refused so to do.

The defendant pleaded, that the plaintiff ought not to have
her dower in the premises, because that her late husband,
Thomas Mathewson, on the 4th day of July, 1827, being
seized of the said tenements in his demesne as of fee, by his
deed of bargain and sale, and of mortgage, of that date, duly
acknowledged and recorded, for a valuable consideration,
granted, bargained, and sold the said tenements to one Jesse
Tourtellot, in fee simple, to which there was a condition, that

Mathewson *v.* Smith.

if the said Thomas should pay, or cause to be paid to the said Jesse, his heirs or assigns, four promissory notes therein described, then the said deed should be void; otherwise, of full force. And that the plaintiff, of her own free will, with the consent of her husband, the said Thomas, testified, by her signing and sealing the same deed with him, for the consideration aforesaid, relinquished and renounced all her right and claim of dower in the said tenements, to the said Jesse, his heirs and assigns, who thereby became seized thereof in his demesne, as of fee, absolutely discharged of all right and claim of dower therein by the plaintiff. And that the defendant, after the death of the said Thomas, purchased, for a valuable consideration, of Stephen Tucker and Arthur Mathewson, administrators on the estate of the said Thomas, who were duly authorized and empowered, according to law, to sell the same, the equity of redemption in and to the aforesaid tenements, being all the right, title and interest in and to the same, of which the said Thomas died seized and possessed. And, that the defendant, being seized and possessed of the equity of redemption as aforesaid, paid to one Daniel Tucker, the assignee of the said Jesse Tourtellot, the sum of $1878 50, being the amount of principal and interest then due on said mortgage, in full discharge of the same. *By virtue of which payment, and the release by the plaintiff of her right of dower, in and to the tenements, he, the said defendant, then and there became seized thereof, and discharged of all right and claim of dower therein by the plaintiff.*

The plaintiff replied, that in pursuance with the conditions of said sale, and the purchase by him the said defendant, he, the said defendant paid, discharged and cancelled the said mortgage deed to the said Daniel Tucker, the aforesaid assignee of the said Jesse Tourtellot, whereby the said tene-

ments were fully, absolutely, and entirely exonerated and discharged from the said mortgage ; and the said deed became and was void and of no legal effect.

To this there was a demurrer.

*Pratt,* for the plaintiff.
*Atwell,* for the defendant.

By the COURT. The statute provides that the widow of any person dying intestate, shall be endowed of one full third part of all the lands, tenements, and hereditaments whereof her husband, or any one to his use, was seized of an estate of inheritance, during the coverture, to which she shall not have relinquished her right of dower by deed.

Thomas Mathewson, husband of the plaintiff, during the coverture of the plaintiff, was seized of an estate of inheritance in the premises described in the plaintiff's decree, and died before the commencement of this action, intestate. Before his decease, to wit, on the 4th July, 1827, said Thomas, for a valuable consideration to him paid, by deed bargained and sold said premises to Jesse Tourtellot, his heirs and assigns, to which deed there is this condition annexed, that the deed shall be void on payment by said Thomas to said Jesse, of certain promissory notes described therein. The plaintiff freely, and " with the consent of her said husband," testified by her signing and sealing the same deed with him, for the consideration aforesaid, relinquished her right of dower in said premises to said Jesse Tourtellot, his heirs and assigns. Other than this it is not pretended that the plaintiff has ever relinquished her right of dower in said premises by deed.

Thomas Mathewson could at any time have revested said premises in himself, by performing the condition of the deed.

Payment of the debt would have divested Jesse Tourtelot of all his interest in said premises under said deed, whether that payment was made by Thomas Mathewson, his heirs, assigns, or administrator. The relinquishment of dower is subject to the same condition. Payment of the debt by the husband, or his representatives, would not create a new right of dower in the wife, but set up the old right of dower again, as it existed before the execution of the mortgage. The signing and sealing of the mortgage by the wife would effectually estop her from claiming her dower of the mortgagee or his representatives, except on performance of the condition, and of course, performance of the condition would as effectually estop the mortgagee or his representatives from denying to set off dower. He would in that case have neither right, title, or interest in the estate, by virtue of the mortgage, either against the mortgagor and his representatives, or the wife who signed and sealed it with the husband.

The consideration of this mortgage was paid the husband alone. The consideration paid the wife, is averred to be the consideration received by the husband. The debt secured by it was the husband's *alone.* During his life he and his property *alone* were liable for it. The right of the wife to dower, in his real estate, was never liable for it, and could never have been except by her consent by deed. At the decease of Thomas Mathewson, Stephen Tucker and Arthur Mathewson were duly appointed administrators on his estate. It was their duty to pay the debts of said Thomas, so far as the real and personal estate of said Thomas was sufficient for that purpose. This duty extended to all the debts of said Thomas, as well those secured by mortgage as those not so secured. They could have been compelled to pay them, as well out of the real as the personal estate of the intestate. The holder of a debt secured by mortgage, is not bound to

look to the mortgaged premises alone for payment, — the mortgage was given only as security for payment, and not as payment. Under our statute he could compel the administrator to discharge the debt. So thought the holder of Jesse Tourtelot's mortgage in this case, although the personal estate of Thomas Mathewson was insolvent; for he proved his claim before the commissioners on said Thomas's estate, who allowed it, and whose report was received by the court of probate. So thought this court, for they authorized the administrators to sell so much of the real estate of said Thomas as would make up the deficiency of the personal estate of said Thomas to pay his debts proved before the commissioners. So thought the defendant in this case, for he accepted the deed of the administrators, subject to the condition imposed by them, that he should pay and cancel the mortgage. In case the personal estate had been solvent, the heirs at law of said Thomas would have insisted that the administrators should have paid this debt, although the widow would thereby have been let in to dower in the mortgaged estate. For otherwise she would have been entitled to one-half or one-third of the surplus personal estate in fee, whereas by paying the mortgage she would be let in to the enjoyment of one-third of the real estate for life. But in this state neither the solvency or insolvency of the estate can vary the duties of the administrator. He is bound and compellable to devote the whole of his intestate's estate, real and personal, to the discharge of his debts, without distinction. His manner of doing this ought not to affect the rights of the widow. It comes to the same result, whether he sells the mortgaged estate, free and clear of the mortgage, and pays the mortgage out of the proceeds, and accounts with the court of probate for the balance, to be appropriated to the payment of the other debts; or sells it, subject to the mortgage, with an

Mathewson v. Smith.

agreement with the purchaser that he shall pay the mortgage. In either case the debt is paid out of the mortgagor's estate, and there can be no doubt, if the latter course be pursued, as in this case it was, with an express agreement embraced in the conditions of sale, that the purchaser should pay the mortgage debt; that the purchaser could have been compelled to pay the amount of the mortgage, either to the holder of the mortgage, or to the administrators, to be applied to the discharge of the mortgage. And the court of probate who settled the administrators' accounts must have come to the same conclusion, or rather must have considered the payment of the mortgage debt by the defendant as payment made by the administrators out of the estate of the intestate, or they would not have stricken that claim from the list of debts before they ordered distribution of the estate among the creditors. The payment then of the debt secured by this mortgage, destroyed the rights accrued under it, and set up again the right of the widow, as it existed before its execution.

A mortgage can never be used to affect a widow's rights, except by the mortgagee and those claiming under him. The only effect of it is to give the mortgagee a precedence over the widow, as against the mortgaged estate, for the amount of the mortgage debt. The defendant's title to this estate is derived from the mortgagor, by deed from his administrators. This deed was dated April 30, 1831. Had the plaintiff claimed her dower in the estate of him, at that time, the existence of this mortgage could not have affected her claim. As between the widow and the purchaser of the equity of redemption the mortgage would have no effect whatever. Her right to dower was perfect as against the defendant, and she could have retained possession of the principal dwelling-house until it was assigned her. In the present case, if her

right to dower needed confirmation, it certainly exists in the fact, that the defendant purchased the estate subject to that right. But it is contended for the defendant that the term dower used in the conditions of sale, meant the equitable right of dower that the widow had in the estate subject to the mortgage. As against the representatives of the mortgagor the widow was entitled to full dower, and he was the grantor — he it was who used the term, dower. The purchaser from him could take an interest only equal to that he represented. Had the widow prosecuted for her dower before the sale, would the mortgage have precluded her from recovering full dower? Certainly not. The right of dower to which the estate in the grantor's hands was liable then was full dower. When he stated in his conditions of sale then, that the estate was subject to dower, did he mean to warrant it against full dower, and state it to be subject only to the equitable dower which could never exist, except in favor of the mortgagee. It is shown that he understood the rights of the widow would be revested upon performance of the condition of the mortgage ; he stipulated, in the same conditions of sale, that the condition of the mortgage should be performed, and yet it is contended that he intended to represent the estate as only liable to that equitable dower which would only have existed against the mortgagee, the condition not being performed. Dower is a term of common use. Its signification is fixed by the statute — and its statute meaning is preserved in its common use. Unless cogent and strong reasons to the contrary are produced, it is to be presumed, that it had the same meaning when used by the administrators and by the defendant.

According to the conditions of sale, the mortgage was paid by the defendant, and caused to be cancelled. It is averred in the pleadings, that this was done in pursuance of the agree-

Mathewson *v.*, Smith.

ment between the administrators and the defendant. At any rate, it is now no longer in existence. It is as though it never had been. It must have been proved to the court of probate to have been paid, (not assigned to the defendant,) or they would never have struck it out of the list of claims on said Thomas's estate. This court could as reasonably decide, that the plaintiff was not entitled to dower for want of any of the prerequisites of dower, as to give vitality to a mortgage which the administrators insisted should be cancelled, and which the defendant freely and voluntarily cancelled. They could as well give life to the husband as to this mortgage. The parties were all consenting to its death.

Inasmuch then as the plaintiff in this action has never relinquished her dower in the premises described in her action, except on condition, and the defendant, when he took the estate, took it subject to her dower, by express agreement, as well as by the law of the land, and hath performed the condition on which it was conveyed by the plaintiff, by means left in his hands expressly for that purpose by the administrators of the mortgagor, it is the opinion of the court, that she is entitled to be endowed of one full and equal third part of said premises.

*The demurrer of the defendant is overruled.*