## COUNTIES OF WASHINGTON AND KENT, DURING THE FALL CIRCUIT, 1865.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. THOMAS DURFEE,

---

## WASHINGTON COUNTY, AUGUST TERM, 1865.

---

### Lydia B. Peckham v. Benjamin Hadwen.

Dower cannot be assigned out of a portion of an estate already set off to another woman as dower.

A husband dying seized of an estate subject to a mortgage thereon, in and by which his wife has released her right of dower, his widow becomes entitled to dower therein, on payment of the mortgage debt out of the personal assets of the husband, or the proceeds of his real estate,—the widow's position and rights being those of a mere surety for the debt of the husband, and, as such, entitled to be fully indemnified and saved harmless if the estate of the husband be sufficient.

The decision in *Mathewson* v. *Smith*, 1 R. I. 22, referred to and approved.
In view of the provisions of section 3 of chapter 202 of the Revised Statutes, it seems not expedient that the court prescribe in what manner commissioners to assign dower shall discharge their duties.

THIS was an action in which the demandant claimed dower in a certain tract of land, containing about seven acres, situate in South Kingstown, of which, as alleged, her deceased husband, James P. Peckham, was seized at his decease. The questions raised by the pleadings were submitted to the Court upon an agreed statement of facts, the more material of which were as follows, to wit:—

That said James P. Peckham, at his decease, was seized of the said tract of seven acres, and also of a farm lying near the said tract, containing about seventy acres, both of which he, on the 19th of July, 1861, mortgaged to the Wakefield Institution for Savings, to secure a note for $2,300, payable in two months from date, his wife, the demandant, uniting with him as joint grantor in the mortgage; that after the decease of said James P., the said farm was sold by his administrator at auction, upon a condition that the purchaser should assume upon himself and pay the said mortgage debt of $2,300, which he had done, and caused the said mortgage to be discharged in due form of law; that the said tract of seven acres (in which dower was claimed) was also sold at auction by said administrator, in different parcels, of all which the defendant became purchaser, receiving a conveyance thereof in one and the same deed; that the demandant had never parted with her dower in the said tract otherwise than in and by the said mortgage conveyance to the Wakefield Institution; that in one certain acre of the said seven, the widow of one Perry Peckham (father of the said James P., and from whom said James P. had derived title) now holds and enjoys her dower by assignment of commissioners in due form of law; and that, since the commencement of this suit, the defendant had, by deed, conveyed to one William P. Hadwen a part of the premises in which dower is demanded.

Upon this state of facts, the defendant moved that the Court,

in its decree for assignment of dower, instruct the commissioners as follows:—

1. Not to assign to the demandant any dower in that portion of the premises already assigned for dower to the widow of the father of the said James P.

2. To take into consideration the mortgage aforesaid, and to assign to the demandant dower, according to the value of the equity of redemption only.

3. To assign to the demandant her dower in each separate tract, as the same was sold at auction ·by the administrator ; or, to set off her dower separately in that portion sold by defendant to William P. Hadwen.

*E. R. Potter, for defendant, in support of the motion:*—

Three questions arise in this suit, on the first of which,—the question of *dos de dote*,—it seems not necessary to refer to authorities.

II. The laying off the dower in the different tracts. Since the suit was commenced the defendant has sold and conveyed part of the tract. 1 Cruise Dig. side page, 169 ; 1 Greenleaf, 30 ; 4 Wash. 305 ; 2 Harrington, 330 ; 13 Mass. 504. The Revised Statutes, § 3, p. 503, provides merely for claims of dower in separate tracts belonging to the same person.

III. Of what and of how much is the widow to be endowed ? The husband purchased another tract of land and mortgaged that, with the tract now in question, for the purchase. When the administrator sold under authority of the Court of Probate, he sold the tract last purchased, with the understanding that the purchaser should pay the whole of the mortgage, which was done. There was no stipulation made about dower. The administrator had no right to make any. And in that tract she has actually received her dower, or its value, from the purchaser. The fee of the property descended to the mother and sister of deceased. If the widow is now endowed of the whole without regard to the mortgage, then the property of the heirs is in reality used to exonerate the estate from the mortgage for her benefit. If the husband had paid the mortgage, or if, after his decease, it had been paid from his personal estate, which the law makes the

primary fund for payment of debts, this question would not have arisen. The general doctrine in equity, and which has also been applied in many cases at law, is, that where the heir pays the mortgage, the widow can only be admitted to dower on redeeming or paying the interest of a portion of the mortgage; and that where the mortgage is paid, it will be treated as an assignment, if necessary to the equity of the case and to carry out the intention of the parties. The apparent conflict of cases can be easily explained. Many of the cases have been decided at law, some of them before equity jurisdiction was introduced; some of them upon a strict application of the doctrine of merger; in some the debt had been paid from personal property, and in some of the cases the purchaser had bought under a special provision in the conditions of sale that he took subject to dower. Some cases also seem to have been decided upon the ground that a person claiming under the husband could not deny the seisin of the husband. See *Holbrook* v. *Phinney*, 4 Mass. 566; *Popkin* v. *Bumstead*, 8 Ib. 491; *Bolton* v. *Ballard*, 14 Ib. 227; *Snow* v. *Stevens*, 15 Ib. 278; *Hildreth* v. *Jones*, 13 Ib. 525; *Barber* v. *Parker* (1822), 17 Ib. 564; *Hitchcock* v. *Harrington*, 6 Johnson, 290; 2 Pick. 517; *Gibson* v. *Crihore*, 3 Ib. 475, and 5 Ib. 146; *Eaton* v. *Simonds*, 14 Ib. 98; 1 Cowen, 460; *James* v. *Mowry*, 2 Ib. 246; *Russell* v. *Austin*, 1 Paige, 192; *Niles* v. *Nye*, 13 Metcalf, 135; *Brown* v. *Lapham*, 3 Cush. 551; *Swaine* v. *Perrine*, 5 John. Ch. 482; *Campbell* v. *Knight*, 11 Shep. 332; *Runyan* v. *Stewart*, 12 Barb. 537; *Smith* v. *Eustis*, 7 Greenleaf, 41; *Jackson* v. *Dewitt*, 6 Cowen, 316; Kent's Com. side page, 46; *Bell* v. *Mayor*, &c. 10 Paige, 49 and 71; *House* v. *House*, 10 Ib. 158. Of the case of *Mathewson* v. *Smith*, 1 R. I. 22, it may be remarked, that a fact stated in the opinion, but not mentioned either in the head-notes or statement of facts, probably decided this case. The land was, by the *conditions of sale*, subject to dower, and the purchaser paid accordingly. It does not seem to have occurred to the learned counsel, or to the learned Court, to enquire what right the administrator had to make this a condition of sale, and thus take the money of the creditors, or of the heirs, to put into the pocket of the widow. The Court say it was the duty of the adminis-

trator to pay the debt, and that it comes to the same thing whether he sold subject to the mortgage, or whether he sold the whole and paid the debt.

*F. W. Miner, for demandant, contra,* citing *Barker* v. *Parker et als.* 17 Mass. 563; *Snow* v. *Stevens,* 15 Ib. 578; *Hildreth* v. *Jones,* 13 Ib. 525; *Bolton* v. *Ballard,* 13 Ib. 228; *Campbell* v. *Knight,* 11 Shep. 332; *Collins* v. *Lowey,* 7 Johns. 278; *Smith* v. *Eustis,* 7 Greenleaf, 41; *Eaton* v. *Symonds,* 14 Pick. 104; *Brown* v. *Lapham,* 3 Cush. 551; *Mathewson* v. *Smith,* 1 R. I. 225; Rev. Stats. ch. 202, § 1.

BRAYTON, J.   It is conceded that the first instruction asked is one proper to be given.   Dower cannot be assigned out of that portion of an estate assigned to another woman in dower, and can only be assigned out of the remaining two-thirds.   1 Cruise, tit. Dower, p. 164.

It is quite clear that the second instruction asked is one which cannot properly be given.   By the statement of facts, it appears that the three parcels of land out of which dower is now claimed, together with a fourth parcel in which dower is not now demanded, were, during the lifetime of the husband of the plaintiff, conveyed by him on mortgage to secure a debt of his, and that the plaintiff joined her husband in this deed, and thereby released her right of dower upon the same condition, viz., the payment of the debt, the conveyance to become absolute if the debt were not paid, and to become void if paid.   The fourth estate was, after the death of the husband, sold for the payment of all his debts, by his administrator, under a license granted him for that purpose.   In the discharge of his duty, to pay all the debts of the deceased, the administrator caused this debt, among others, to be paid out of the proceeds of the sale, under a condition of sale that the purchaser should so apply them.   These were so applied, and the mortgage debt paid, and the mortgage thereupon discharged by the mortgagee.

Had this suit been against the original mortgagee, or any person holding under him by assignment, the widow would be estopped, by her release, from claiming dower in more than the equity of redemption.   While the mortgage subsisted and until

performance of the condition, it was a bar to more. But the mortgage has ceased to exist. It has become void by its own terms, as if it had never been, and with it the release, which has become void by the performance of the same condition. There is nothing, therefore, now subsisting, to bar the widow of her dower.

This precise point was decided in the case of *Mathewson* v. *Smith*, 1 R. I. 22, and the wife held entitled to her dower. No authorities were cited in that case, but the reasoning of the court is abundantly supported by adjudged cases in point. One of these is the case of *Hitchcock* v. *Harrington*, 6 John. 290, where the mortgage was made by the husband to secure the purchase money of the estate mortgaged. The mortgage was paid off by the purchaser of the estate. Kent, delivering judgment, says the mortgage is paid. The purchaser holds under the title of the husband, and not under the mortgagee. He is in place of the heir, and he cannot set up a satisfied mortgage. The mortgage is for the benefit of the mortgagee only, and, until foreclosed, cannot be set up by anybody but by him, or his assigns. See, also, *Collins* v. *Irney*, 7 John. 278; *Barker* v. *Parker and others*, 17 Mass. 563, and the case cited by plaintiff.

It may be asked, what right has the heir to any of the estate of his ancestor without discharging his debt, and what pretence has he to complain of inequity, that the widow, who is a mere surety for the debt of her husband, has been indemnified and saved harmless out of his estate, and his obligation to her has been thus discharged? She had a right to be thus relieved, while any estate of her husband remained sufficient for that purpose, though nothing remained to the heir.

The propriety of the third instruction asked is not apparent, considering the express language of the statute upon the subject. Section 3, of chapter 202, Revised Statutes, page 503, provides that "where dower is legally demandable in more than one parcel of land belonging to the same person, such assignment need not be of a part of each lot or parcel, but may be together in one lot as the interest and convenience of the widow and the heir or person having the next immediate estate of freehold shall require."

Without any evidence that the interest or convenience of the parties requires what is here asked, we must leave it to the commissioners who are to view the estate, and will be able to judge what that interest or convenience may render necessary, and who can best do entire justice to the parties in this respect, to assess the dower in the mode they may judge best for the parties.