**OLIVER CHAFFEE, Administrator, *vs.* HENRY B. FRANKLIN.**

A mortgage deed was executed and delivered, the wife of the mortgagor joining in the deed. The mortgage contained a power of sale. After the death of the mortgagor the mortgagee sold under the power the estate conveyed. The administrator of the mortgagor brought an action of assumpsit against the mortgagee to recover the surplus remaining in the mortgagee's hands: —

*Held*, that the action could not be maintained.

*Held*, further, that the surplus was subject: 1st, to the widow's dower right; 2d, to the intestate's debts; 3d, to distribution among the intestate's heirs, and that these different rights could only be determined by a court of equity.

*Held*, further, that the surplus would be treated as realty by a court of equity.

The husband owned but one undivided half of the estate described in the mortgage, the other half having been the property of a former wife. For three years after the death

of this wife the husband occupied the whole, but not as tenant by the curtesy. The heirs of the wife claimed rent for these three years out of the surplus from the mortgage sale : —

*Held,* that this claim should be treated as an ordinary debt.

ASSUMPSIT, heard by the court, jury trial being waived.

*July* 14, 1877. POTTER, J. In this case the deceased husband, his wife joining, gave a mortgage with power of sale. The estate was sold under the power after his death. His administrator sues to recover the surplus in the hands of the mortgagee.

If such a sale takes place before the mortgagor's death, the surplus is in some cases personal estate. But if it takes place after his death, the surplus will go to those entitled to the equity of redemption, and it will in equity be treated as real estate so far as necessary to protect the rights of any persons interested. If the widow would have been entitled to dower in the real estate, she will be entitled to the value of it in the surplus. *Wright* v. *Rose*, 2 Sim. & Stu. 323. The administrator, as such, is not entitled to the surplus ; it is part of the real estate, and goes to the heirs, and would be assets in their hands. Per Chan. Kent in *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119, 130 ; 2 Washburn Real Property, 71, book i. ch. 16, §§ 2, 6 ; *Astor* v. *Miller*, 2 Paige, 68, 75.

Another question has been argued before us. The husband owned only half of the estate, the other half belonging to his former wife, who had joined in the mortgage ; but for nearly three years after her death he occupied the whole. He was not tenant by the curtesy. The heirs of the co-tenant wife claim rent for it out of this surplus. On the other hand, the administrator, in behalf of creditors, the estate being insolvent, contends that this claim for rent must be collected like any other debt due from the deed.

If, while it was real estate, the co-tenant had sued in equity for partition, the court might have directed an allowance for rent, where one co-tenant had occupied exclusively of others ; but the co-tenant did not sue in equity.

At law a co-tenant could not sue his co-tenant for use and occupation, except on an agreement. And the stat. 4 & 5 Anne, cap. 16, declared to be in force in this state by act of February,

1749–50, Col. Rec. R. I. vol. 5, p. 289, has been held in England, New York, and elsewhere, to apply only to rents received, and not to mere use and occupation, — the language being, "receiving more than comes to his just share or proportion." *Henderson* v. *Eason,* in Exchequer Chamber, 17 Q. B. 701 ; *Woolever et al.* v. *Knapp,* 18 Barb. S. C. 265, and cases there cited ; and see *Irvine* v. *Hamlin,* 10 S. & R. 219, 221. And even if our statute of 1798 (probably copied from an older act of Connecticut — see Conn. Revision of 1784), which has been substantially in force here ever since, and provides for cases where one tenant in common may " take, receive, *use, or have benefit* " of the estate in greater proportion than his interest, was intended to have a broader application, it would still be only a debt, and in case of decease to be treated as other debts.

We have expressed our opinion on these points because they were made and argued, and it may prevent future litigation.

Can the administrator maintain this suit ?   We think not.

We have before stated that the surplus in such a case will go to those who would have been entitled to the equity of redemption. In this mortgage the reservation of the surplus is " to us, our heirs, or assigns." They would of course take and hold it subject to all claims to which the real estate would have been liable, *e. g.* dower, debts, &c.

We have been referred to the case of *Varnum* v. *Meserve,* decided by the Supreme Judicial Court of Massachusetts, 8 Allen, 158, where that court sustained such an action.

In that case the husband mortgaged and the wife joined ; the land was sold under the power after his death ; and the administrator sued the mortgagee for the surplus. The deceased had by will given the property to his wife for life, and after her, to his brothers ; and the widow by waiving the provision in the will was entitled to dower, and the estate was insolvent. The case, therefore, was very much like the present, the only difference of importance being that in that case the mortgage reserved the surplus to him and his assigns, omitting heirs.

The court, in their opinion, after recognizing the general doctrine as to conversion, and the rights of the parties in the surplus, go on to say that the administrator might after death and before the mortgage sale, by authority from the Court of Probate, have

sold the equity of redemption to pay debts; and that the purchaser under him would, after sale under the mortgage, have been entitled to the surplus, but that his right and the widow's could only be enforced in equity. They then go on to say, "But the right of the mortgagor's personal representative is direct under the contract." This is not very intelligible in the statement as made.

Their conclusion is, that the administrator should recover the money and hold it to the use of: 1st, the widow's claim; 2d, debts; and 3d, if any remainder, then to the uses of the will. We are not satisfied with the reasoning on which this decision is based.

A decision in favor of the administrator can only rest on the ground that he is entitled to it as *primâ facie* personal property. But in this case it is admitted to have been real estate, and the law as to conversion is undisputed.

If the administrator obtained possession of this money, he would hold: 1st, for the widow; 2d, for debts; and then for the heirs. We cannot in this suit settle their rights. We cannot settle the value of the widow's right, and give the administrator judgment for the overplus. Such a decision would bind neither the widow nor the heirs, for they are not parties to it. Nor were they parties in the case in *Varnum* v. *Meserve*, 8 Allen. And if we gave the administrator judgment for the whole, they would then be obliged, if the parties could not agree, to resort to a bill in equity before the administrator could pay over the money.

A bill in equity is, therefore, the only proper way of settling the rights of the parties.

*Judgment for defendant for his costs.*

*Tillinghast & Ely*, for plaintiff.

*Henry J. Spooner*, for defendant.