SARAH M. G. EDDY, Appellant, *vs.* SULLIVAN MOULTON *et al.*

13 105
24 569

In Rhode Island, Courts of Probate have the same power to set off dower as courts of common law.

A widow may have dower assigned to her at law, in an equity of redemption, so long as the mortgagee remains out of possession.

In such a case the widow takes her assigned dower subject to the mortgage.

APPEAL from the Probate Court of the city of Providence.

*July* 10, 1880. DURFEE, C. J. This is a proceeding under Gen. Stat. R. I. cap. 218, § 17,[1] for the recovery of dower in two pieces of land in the city of Providence. The case comes here by appeal from the Municipal Court, the court exercising probate jurisdiction in said city. The demandant is the widow of the late Thomas W. Eddy, who was seised in fee in his lifetime, during his intermarriage with the demandant, of said two pieces of land, but mortgaged one of them for $14,000, and the other for $2,500, the demandant joining in the mortgages and releasing her right of dower. The two estates were, subsequent to the mortgages, sold under an execution against said Thomas W. Eddy, and were bought by the defendant Millard, who subsequently sold one of them to the other defendant Moulton. The mortgagees have never either foreclosed or taken possession under their mortgages. They are not parties to this proceeding. The defendants do not deny the demandant's right to dower, but resist this proceeding solely on the ground that the Municipal Court had no jurisdiction on account of the mortgages, and the conflicting rights and

---

[1] As follows: " Sect. 17. Any court of probate in this State which shall have granted letters of administration, or letters testamentary, on the estate of any deceased person, shall have power, upon the application of the widow of the deceased, to cause the dower of such widow to be assigned and set off to her in all or any of the lands, tenements, or hereditaments lying within the State, which belonged to the deceased during his intermarriage, whereof such widow is dowable. Notice of such application shall be given to all parties interested, except the applicant, in the manner prescribed by law for notices by courts of probate : *Provided, however,* that all the heirs at law or devisees having the next immediate estate of freehold, and all parties interested in all or any of said lands, tenements, or hereditaments, may join in such application, in which case no notice thereof need be given."

equities growing out of them, which the defendants contend can only be duly adjusted by a court of chancery. We do not think the defence is tenable. The courts of probate of this State have the same power to set off dower as courts of common law. *Gardner* v. *Gardner*, 10 R. I. 211; *Weaver* v. *Sturtevant*, 12 R. I. 537. And in this country dower is assignable at law in an equity of redemption so long as the mortgagee remains out of possession. *Douglas* v. *Valentine*, 7 Johns. Rep. 273; *Mathewson* v. *Smith*, 1 R. I. 22, 27; 1 Bishop Law of Married Women, § 291; 1 Jones on Mortgages, § 666, and cases cited. In such a case the widow is dowable of one full third of the estate, which she must hold of course subject to the mortgage just as the other owners hold the remaining two thirds. It was intimated that in the case at bar the other owners have been paying interest on the mortgages; but they have also been in receipt of rents and profits, and it is not pretended that the interest has been greater than the rents and profits. Certainly, therefore, this is no ground for even a delay in the proceeding. If, after dower has been assigned, controversies arise in regard to the respective rights and responsibilities of the parties here in respect of the mortgages, such controversies will be matter for future litigation. We need not anticipate and settle them in this proceeding. Let a decree be entered awarding dower to the demandant, and appointing commissioners to set it off to her by metes and bounds in the estates described.        *Order accordingly.*

*Nathan H. Truman*, for appellant.

*Benjamin N. Lapham & Henry J. Dubois*, for appellees.