## Amy C. Kenyon *vs.* William F. Segar.

A statute required for the validity of a deed that it should be executed in the presence of two witnesses. The deed bore the signature of one attesting witness. When it was executed a daughter of the grantor was also in and out of the room, but not as it appeared for the purpose of being a witness.

*Held,* that the deed was not executed in the presence of two witnesses.

K. died leaving his realty subject to a mortgage which contained a release of dower. The realty was sold by K.'s administrator to pay debts, the sale being subject to the mortgage and "the widow's dower as by law provided." The purchaser entered into possession of a part of the land and had the mortgage assigned to himself.

In proceedings by K.'s widow for the assignment of dower:

*Held,* that she was entitled to her dower on making a *pro tanto* redemption of the mortgage.

*Held,* further, that the matter should be referred to a master to ascertain how much of the amount due on the mortgage should be paid by the widow in exoneration of her dower right.

Bill in Equity for an account and the assignment of dower.

*Providence, April* 5, 1884. Durfee, C. J. The purpose of

this suit is to enable the complainant, as widow of the late Lewis C. Kenyon, to obtain her dower in certain real estate which belonged to him during her coverture. The said Lewis, during their intermarriage, gave two mortgages on said estate or parts of it, to wit, a mortgage dated April 15, 1872, to the Hopkinton Savings Bank to secure his note for $500, in which the complainant joined releasing her dower, and a mortgage dated April 10, 1873, to the Kingston Savings Bank to secure his note for $1,500, in which the complainant did not join. After the second mortgage was given, to wit, May 21, 1880, the complainant signed a deed purporting to be a release of her dower in the mortgaged premises, which, however, was witnessed by only one subscribing witness, whereas the statute requires that such deed to be effectual shall be executed in the presence of two witnesses. At the trial testimony was offered to show that there were two witnesses present, though only one subscribed the deed. But the testimony when introduced amounted only to this, that the daughter of the complainant was in and out of the room where the deed was executed when it was being executed, not that she was there for the purpose of being a witness, nor that either the complainant or the magistrate who attended to the execution and took the acknowledgment intended to have her as a witness. We think that in these circumstances the deed cannot be held to have been executed in the presence of two witnesses, whatever the effect might have been if the daughter had been present as a witness and had inadvertently omitted to subscribe the deed as such. Lewis C. Kenyon died March 30, 1882, and subsequently his real estate was sold by his administrator, subject to the mortgages and to " the widow's dower as by law provided," for the payment of his debts, the defendant being the purchaser. April 17, 1882, the complainant commenced proceedings for her dower in the Probate Court, which are now pending on appeal in this court. Meanwhile, June 8, 1882, the defendant, who had previously entered into possession of a portion of the land covered by the mortgage, procured an assignment of the mortgages to himself, and holds them against the complainant as a bar to her right of dower in the mortgaged estate. The complainant asks relief from them in this suit. The second mortgage, according to our view already expressed, is no obstacle in the way of her ob-

taining dower.   We may therefore confine our attention simply to the first mortgage.

The complainant rests her claim to relief from the first mortgage on two grounds.   The first is that the defendant, by purchasing the estate subject to the mortgages and to the widow's dower, assumed the mortgages and became liable to discharge them without contribution from the complainant, and that, therefore, the mortgages were extinguished in equity as well as at law when he took an assignment of them.   We do not think this position is tenable. The defendant, by purchasing subject to the mortgages and widow's dower, purchased simply the right, title, and interest which the decedent had at the time of his death in the equity of redemption subject to the widow's right of dower, but incurred no personal obligation to pay the mortgage debts.   Therefore, when he had the mortgages transferred to him, he succeeded to the right of the mortgagees, and being in possession became entitled to set up the mortgage, in which the complainant had joined against her claim of dower.   The complainant is barred by the mortgage unless she redeems it wholly or *pro tanto*, and the next question is whether she is bound to redeem it wholly or only *pro tanto* in order to exonerate her right.   Ordinarily, the holder of a mortgage being other than the owner of the equity of redemption, a widow who has released her right of dower in the mortgage cannot redeem without paying the mortgage debt in full.   2 Jones on Mortgages, § 1067.   But here the mortgage and the equity of redemption unite in the same person, and when they so unite we think the better doctrine is that the widow is entitled to have her dower set out to her on simply paying her proportion of the debt.   The reason is that if the widow pay the whole debt she is entitled to be subrogated to the mortgage until the owner of the equity has reimbursed her to the extent of his part of it, and therefore to require her to pay the mortgage in full when it is held by the owner of the equity would be absurd, since she would instantly be entitled to have all that she had paid beyond her proportional part refunded.   1 Bishop Law of Married Women, § 299; *Woods* v. *Wallace*, 30 N. H. 384; *Norris* v. *Morrison*, 45 N. H. 490; *Van Vronker* v. *Eastman*, 7 Met. 157; *McCabe* v. *Bellows*, 7 Gray, 146; *Snyder* v. *Snyder*, 6 Mich. 470; *Tillinghast* v. *Fry*, 1 R. I. 53, 62; *Gatewood* v. *Gatewood*, 75 Va. 407.

The case should go to a master to ascertain and report what is due under the first mortgage, and also to ascertain and report how much of what is due ought to be paid by the complainant in exoneration of her right of dower.          *Decree accordingly.*

*A. B. Crafts*, for complainant.

*Thomas H. Peabody*, for respondent.