RAYMOND G. MOWRY *et al. vs.* HELEN L. MOWRY, Admx., *cum. tes. annexo.*

PROVIDENCE—DECEMBER 31, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Probate Law and Practice. Dower. Mortgages.*

A widow is entitled to full dower in all land of the husband if there is either personal or real property wherewith to pay the debts. Hence, when land of the husband is sold by order of the Probate Court for the purpose of paying debts of the estate, the widow is entitled to have her dower in the whole value of the land, and not merely in the surplus after payment of the mortgage.

*Quære*, if this rule would apply in case of foreclosure by power of sale.

(2) *Dower*. *Mortgages*. *Probate Law and Practice*.

The claim of the widow to dower is paramount to that of the heirs, even
if it exhausts all the real estate left after payment of incumbrances.

So long as there is sufficient estate available for such purpose a widow
will not be required to contribute toward the payment of mortgage in-
debtedness before claiming dower.

PROBATE APPEAL.   Heard on appeal from order of a Pro-
bate Court, and order confirmed.

PER CURIAM.   Approving the decision of Mr. Justice Doug-
las in this case, we adopt his opinion as the opinion of the
court.

## OPINION.

DOUGLAS, J.   This is an appeal from the order of the Mu-
nicipal Court of the city of Providence directing the adminis-
tratrix of the will annexed to sell certain real estate for the
purpose of paying the debts of the estate, the personal estate
being insufficient.

Jencks Mowry died in 1898, leaving a number of chil-
dren by his first marriage who are the appellants here, and a
widow, his second wife, who is the administratrix, with the
will annexed, and the appellee here.

The will of the deceased was probated.   That will con-
tained but one devise, and that was of the testator's farm in
Smithfield to his grandson.   This will did not name any exec-
utor.   And the widow was by the Municipal Court appointed
administratrix with the will annexed.

The personal estate of the testator was inventoried at
$113.21.

The testator at the time of his death was possessed of four
parcels of land.

*First parcel.*   Farm in Smithfield, which was unincum-
bered, taxed for about $2,000, and devised to his grandson
Harold Mowry.

*Second parcel.*   Homestead estate on Academy avenue in
Providence, valued at about $10,000.   On this estate were
two mortgages, one for $3,000, reduced by payments to

$2,000, given by Mr. Mowry, before his marriage with Mrs. Mowry, to the City Savings Bank. The other for $1,500, given by Mr. Mowry after his marriage to Mrs. Mowry, and in which Mrs. Mowry released her right of dower to the mortgagee, the City Savings Bank. These two mortgages, with interest in arrears, amounted to $3,742.10.

*Third parcel.* Academy estate on Academy avenue, valued at about $7,000. On this estate was a mortgage, given by Mr. Mowry before his marriage with Mrs. Mowry, to the Mechanics Savings Bank, which mortgage, with interest in arrears, amounted to over $1,600.

*Fourth parcel.* Estate on Amity street in Providence, valued at about $3,000. On this estate was a mortgage given by Mr. Mowry, after his marriage to Mrs. Mowry, in which Mrs. Mowry did not release her right of dower to the mortgagee. Mortgage now held by Mrs. Anderson, one of the heirs of Jencks Mowry. Mortgage amounted, with interest in arrears, to about $1,900.

In all, real estate valued at about $22,000, upon which was mortgage indebtedness of about $7,300.

There was other indebtedness of the estate of about $2,000 ; in all an indebtedness of $9,300.

In 1889, for the purpose of paying debts, the administratrix obtained permission from the Municipal Court to plat the first parcel, or homestead estate, into eight house-lots, and to sell seven of these house-lots, retaining one house-lot on which the homestead was situated. The administratrix sold these seven lots at public auction, including in said sale her right of dower in said seven lots, and, as widow, executed a release of her dower to the purchasers at said sale. The proceeds of said sale, including the right of dower, amounted to $5,230.

At that time Mrs. Mowry was fifty-four years old, and her dower right in said fifty-two hundred and thirty dollars was, by the combined experience tables, worth $988.

With the balance, after deducting her dower right, as she claimed it, which balance amounted to $4,242, the administratrix paid the two mortgages on the homestead estate,

amounting to $3,742.10, leaving a balance in her hands of $499.90 from the sale of said homestead estate.

It then came to the knowledge of the administratrix that one of these appellants, Joseph E. Mowry, had purchased from the Mechanics Savings Bank the mortgage upon the third parcel, or Academy property, and had advertised the property for sale under the mortgage. Fearing a loss to the estate by this sale, she advanced to the estate $988 which she had retained as dower in the second parcel, and, with other money in her hands belonging to the estate, paid the mortgage on Academy estate, amounting to $1,611.63.

The administratrix afterwards applied to the Municipal Court to have her dower assigned in the remaining land of her husband, particularly describing in her petition the farm in Smithfield, the one lot not sold in the homestead estate, the Academy estate, and the Amity street estate. This proceeding was compromised by the widow releasing her dower in the farm and receiving therefor a certain sum of money, by the widow releasing dower in Academy estate and Amity street estate and receiving therefor a life estate in the one lot not sold in the homestead estate. The administratrix in all these proceedings insisted that she still claimed the $988 advanced by her to the estate to pay debts.

There then remained of indebtedness against the estate the mortgage of $1,900 on the Amity street estate, which the holder, one of these appellants, does not claim against the administratrix in accordance with some family arrangement, and also the sum of $2,803.15, which included debts of the deceased, expenses of administration, allowance to widow, and the sum of $988, advanced as aforesaid.

The administratrix made the application now under consideration for leave to sell the third parcel, or Academy estate, for the purpose of paying these debts.

Since this application was made the appellants have paid all other claims against the estate.

The appellants claim that the widow is entitled to dower in the surplus of the money for which the seven lots were sold

over the amount paid to satisfy the mortgage debts, or $1,480, instead of on the whole value of these lots, or $5,230.

They further claim that the contribution which the widow made to redeem the Academy estate was due from her as her proportion of the mortgage debt, and so she has no claim for re-imbursement of that sum. They also claim that the conveyance of the life estate in the homestead lot was accepted by the widow in full satisfaction of all her claims against the estate arising from rights of dower.

I do not consider the third claim established by the evidence. It seems pretty certain that, while the heirs may have thought they were settling all these claims, the widow did not in any way give up the claims she now makes, and there is nothing in the documents which passed to extend the scope of the settlement beyond the parcels of land which these conveyances affected.

The most serious question arises with respect to the estimation of dower in the seven lots sold from the homestead estate.

(1)    It is undoubtedly true that where the personal property of an estate is sufficient to pay debts it must be used to exonerate the real estate from mortgages ; and when relieved from such liens the whole land is subject to the widow's dower. Whether the mortgages were made before marriage or after, and whether she has joined in making them or not, the debts are considered to be debts of the husband, for which she is only surety, even when she releases dower in the mortgage ; and as long as the husband has personal property wherewith to pay them, the personal property and not her dower must be used for that purpose. In Rhode Island dower attaches to an equity of redemption as if the husband were still seized in fee, the equitable view of the relation between mortgagor and mortgagee being adopted for this purpose, *inter alia*, by the common law. *Eddy* v. *Moulton*, 13 R. I. 105 ; *Peckham* v. *Hadwen*, 8 R. I. 165 ; *Gould* v. *Winthrop*, 5 R. I. 319.

When there is no personal estate, and the mortgage is satisfied out of the land itself, most of the courts in this country adopt a different rule ; but in Rhode Island an early case took the ground that the wife is entitled to full dower in all her husband's lands if there is either personal or real property

wherewith to pay the debts.  *Mathewson* v. *Smith*, 1 R. I. 22, 25.  In that case land was sold by the administrator, by license of the Probate Court, the purchaser assuming the mortgage and the payment of dower.  It was argued that this dower should be estimated upon the surplus remaining after payment of the mortgage, but the court allowed full dower in the whole value of the estate.  While this decision may not govern in case of the actual foreclosure of a mortgage by power of sale— *Chaffee* v. *Franklin*, 11 R. I. 578—it is controlling in support of the appellee's claim that she is entitled to have her dower in the whole value of the land when it is sold by order of the Probate Court.  I am forced to conclude, therefore, that in this case the sum of $988 which the widow received of the proceeds of the seven lots was her own money.

(2)    Upon the second question the same case seems to me to be decisive.  It holds, in effect, that the widow's claim is paramount to that of the heirs, even if it exhausts all the real estate left after payment of incumbrances.  In *Kenyon* v. *Segar*, 14 R. I. 490, where a widow was required to contribute towards the payment of a mortgage in which she had joined before being allowed to claim her dower, it did not appear that there was other land or property available for the payment of the mortgage.  The question there arose between the dowress and one not liable to pay the debt.  In this case there is the Academy avenue estate still liable to satisfy the testator's debts, which the administratrix now asks license to sell.  This is valued at about $7,000.  So that, deducting the value of her dower in that, which she has already received in another form, and the mortgage of $1,611.63, there will be left, doubtless, enough to repay her the money she has advanced and the advances made by the heirs.

I conclude, therefore, that the administratrix is entitled to a license to sell this estate to pay these debts, and the order of the Municipal Court must be confirmed.

*Thomas A. Jenckes, William J. Brown, and Raymond S. Mowry,* for appellants.

*William H. Sweetland,* for appellee.