ALMIRA GARDNER *vs.* HENRY W. GARDNER.

By chapter 607 of the statutes (amending Rev. Stat. chap. 202), courts of probate have jurisdiction over the application of a widow to cause dower to be assigned her, and to hear and determine the questions incident to such a proceeding, and to determine whether the widow is entitled to dower.

Such courts must proceed under the powers thus given them as courts of law, and cannot entertain equitable defences set up against the assignment of dower.

An antenuptial contract which is not a legal bar to dower is not a legal jointure under the statute, even if sufficient in equity to bar the right, and hence no bar of a widow's dower at law, whatever it might be in equity.

APPEAL from a decree of the Municipal Court of the city of Providence, exercising probate jurisdiction, dismissing for want of jurisdiction the petition of the appellant for an assignment of dower to her as the widow of Brayton Gardner, under chapter 607 of the Statutes.

It was admitted at the trial of the appeal that the appellant was the widow of Brayton Gardner, that the latter owned the lands in question during their marriage, and also that before their marriage the said Brayton and Almira Gardner entered into an agreement in the following form : —

" This indenture of two parts, made and executed on the first day of November, A. D. 1841, by and between Brayton Gardner of Providence, in the State of Rhode Island and Providence Plantations, of the first part, and Almira Gardner of Swanzey, in the State of Massachusetts, of the second part, witnesseth : That, whereas a marriage is intended to be had and solemnized between the parties aforesaid, and it has been stipulated by and between them that the said marriage shall not, in anywise, affect or modify the legal right or title of either party, his or her heirs or assigns, in or unto the real or personal estate, of or unto which he or she is or shall be seised, possessed, or entitled, in right or in law. Now, therefore, pursuant to the stipulation afore-

said, the said Brayton, in consideration of the premises and of one
dollar in money to him by the said Almira already paid, for him-
self, his heirs, executors, and administrators, doth covenant, stip-
ulate, and agree with the said Almira, her heirs, executors, ad-
ministrators, and assigns, that the said Brayton will always,
after the said marriage, permit and suffer both her and them to
possess, manage, control, use, enjoy, devise, sell, or dispose of all
the estate, real or personal, of or unto which the said Almira is
or may be seised, possessed, or entitled, in right or in law, with-
out any claim or demand by him, the said Brayton, to possess,
manage, control, use, enjoy, devise, sell, or dispose of the same,
or any part thereof, by reason of the said intermarriage, or for
any other cause, reason, or pretence.  And the said Almira, in
consideration of the premises and of one dollar in money to her
by the said Brayton already paid, for herself, her heirs, executors,
administrators, and assigns, doth covenant, stipulate, and agree
with the said Brayton, his heirs, executors, administrators, and
assigns, that she, her heirs, executors, administrators, or assigns
shall not, and will not, at any time hereafter, demand or claim,
as dower or otherwise, any, or any part of the real or personal
estate, of or unto which the said Brayton is or may be seised,
possessed, or entitled, in right or in law, by reason of the said in-
termarriage, or for any other cause, reason, or pretence.

" Witness," &c.

Sealed and acknowledged by both parties, and recorded in the
city of Providence records.

*Metcalf, Bliss & Addeman,* for the appellant, contended, 1st.
That the appeal was properly before the Supreme Court, although
the reasons of appeal were general in terms, inasmuch as the
statute providing for such appeals, Rev. Stat. chap. 153, § 2, does
not require a specific statement of reasons, and if it did, its re-
quirement was in this case substantially complied with by alleg-
ing the decree to be erroneous.   2d. That the petition was right-
fully presented, and within the jurisdiction of the Municipal
Court, citing, to show the changes in legislation on this subject,
Rev. Stat. chap. 202, § 16, and chapters 503 and 607 of the Stat-
utes.  3d. They cited Rev. Stat. chap. 202, § 21, which provides
what settlement of jointure will bar dower, and contended that
the agreement upon which the defence rested was not within its

provisions, and could not be pleaded in bar of an action for dower. It should not be admitted here, but the respondent should be compelled to resort to equity for relief, thus enabling the appellant to set up equitable defences not available in the present proceeding.

*James Tillinghast & Parkhurst*, for respondents. The petition was rightly dismissed by the Municipal Court.

I. That court had no jurisdiction. It is not adapted to try general actions like this of a controverted nature.

II. If it has a general jurisdiction, it has it equally upon equitable as upon legal claims, and any defence therefore which would be a bar either in law or equity, that is, which shows that the petitioner is not really "dowable," is admissible. Consequently the antenuptial agreement in proof here is a complete bar to this petition. Atherly on Marriage Settlements, *311; *Murphy* v. *Murphy*, 12 Ohio (N. S.), 407; *Stilley* v. *Folger*, 14 Ohio, 610; *Gelzer* v. *Gelzer*, 1 Bailey Eq. 387; *Cawley* v. *Lawson*, 5 Jones Eq. 132; *Neves* v. *Scott*, 9 How. (U. S.) 196. In many matters our courts of probate act upon equitable principles. *Brown* v. *Slater*, 16 Conn. 192; *Camp* v. *Grant*, 21 Conn. 41; *Colburn* v. *Tilton*, 26 Conn. 362; *Sparhawk* v. *Russell*, 10 Met. 305.

BRAYTON, C. J. This case comes to this court by appeal from the Municipal Court of the city of Providence exercising probate jurisdiction. The appellant, Almira Gardner, made application in writing to said court, representing that she is the widow of Brayton Gardner, late of said Providence, deceased, upon whose estate said court had granted letters of administration; that said Brayton Gardner, after his marriage to her, was seised of certain real estate lying within the state, whereof she, the said Almira, is dowable, and prayed that her dower might be assigned and set off to her out of said estates, and proper notice given of such application to all parties interested in the premises.

Upon hearing the parties the Municipal Court passed a decree dismissing said application, and refused to assign dower as prayed. From this decree the said Almira Gardner has appealed to this court, and for reasons of appeal said that said decree is wrong and erroneous in law and in fact. Upon the hearing before this court the appellee insists that the petition was rightly dismissed, and that the Municipal Court had no rightful jurisdiction, that

court not being adapted to any general action like this. The jurisdiction claimed for that court by the appellant is given, if at all, by chapter 607, entitled an act in amendment of chapter 202 of the Revised Statutes, "Of dower, and the action of dower and of jointure." The sixteenth section of that chapter was amended to read as follows : "Any court of probate in the state, which shall have granted letters of administration, or letters testamentary, on the estate of any deceased person, shall have power upon the application of the widow of the deceased to cause dower of such widow to be assigned and set off to her, in all or any of the lands, tenements, or hereditaments lying within the state, which belonged to the deceased during his intermarriage, whereof such widow is dowable," and provided for notice to the parties as in other probate cases.

The language of this amendment is quite broad enough and quite clear enough to give the court of probate power to cause dower to be assigned, and to that end to hear the parties and to determine if the widow be dowable, of what estate, and in what manner the dower shall be assigned, and though other courts may be better adapted to decide the questions which may arise upon such application, either by their organization or their mode of proceeding, it is quite clear that the legislature designed to vest in the Probate Court the jurisdiction to hear and determine the questions incident to a proceeding to set off dower, and formally to cause it to be assigned, or to determine that the widow is not entitled by law to have it. The court clearly has jurisdiction.

Assuming that this jurisdiction is given, and the court has power to hear and determine, the appellee claims that a certain antenuptial agreement which is produced here, and which was produced in the court below, is a bar to the widow's claim to dower, and this petition ought now to be dismissed, and the widow decided to be not entitled to dower.

It is not claimed that this agreement is a legal bar, but is sufficient in equity only to bar the right, and that the court, if it can adjudicate at all, must entertain equitable defences as well as legal. We do not think this was intended. There is nothing to indicate that other than legal questions were to be determined, and that the court was not to proceed according to law, and to

administer the law of dower. It would require very strong language to induce us to hold, that equitable defences were intended to be entertained, or any equity power exercised. There is a constitutional provision that no equity power shall be conferred upon any inferior court beyond what they at the adoption of the Constitution then exercised by law. The presumption would be against the intent to give the court power to act upon principles of equity more than a court of law. We think it was intended that they should proceed according to law as a court of law, and they could no more entertain such a defence than this court could on the law side. The agreement set up here is therefore in the proceeding no bar to the claim for dower. There must be a decree in favor of the petitioner for her dower to be assigned. *Decree accordingly.*