PATRICK A. WILLOCK *vs.* CATHERINE WILLOCK.

MAY 12, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Courts. Common-Law Jurisdiction. Dower.*

Under the statutes, Probate Courts have common-law jurisdiction to administer the law of dower; therefore, proceedings before such courts to recover dower are in effect actions at law.

(2) *Discretionary Power in Courts to Award Dower.*

The effect of the provisions of the statutes relative to dower is to impose upon Probate Courts the duty of determining the manner in which dower shall be assigned, and under the provisions of Gen. Laws, cap. 264, § 18, in actions at law and suits in equity, the court has discretionary power to choose in which of the ways therein prescribed, considering the situation of the parties and of the estate, it will set out such dower, and where, on appeal from the decree of a Probate Court, the Superior Court affirmed the decree, in the absence of any abuse of such discretion on the part of the Superior Court, the court will not disturb the decree.

PROBATE APPEAL. Heard on exceptions of appellant, and overruled.

DUBOIS, C. J. This is an appeal from the decree of the Municipal Court of the City of Providence by which dower was assigned to the appellee, in a special manner other than by metes and bounds, under the provisions of General Laws, Chapter 264, sections 18 and 21, and of section 23 of the same Chapter as amended by C. P. A., § 1163, out of the real estate now standing in the name of the appellant, but which, during coverture of the appellee, was the property of her husband William Willock, now deceased, who was also the father of the appellant.

Said appeal was duly taken to and heard by the Superior Court, wherein said decree of the Municipal Court was affirmed, and said appeal is now before this court upon the exceptions of the appellant to the decision of the Superior Court affirming the decree of the Municipal Court.

The only exception of the appellant material to this inquiry is based upon the following ground:

"2nd:—The Appellant claims that the decision, deciding that dower should not be set off by metes and bounds and confirming the decree of the said municipal court and decreeing that it should be set off in a special manner, was against the law and the evidence submitted in the hearing upon said appeal and against the weight thereof."

(1)   The provisions of Rev. Stats., cap. 202, "Of dower, the action of dower and of jointure," section 16, as amended by Pub. Laws, cap. 607, passed March 22, 1866, first conferred jurisdiction upon Probate Courts in this State, upon the application of a widow, to assign dower to her in lands, tenements, and hereditaments within the State whereof such widow is dowable. This statute was construed in *Gardner* v. *Gardner*, 10 R. I. 211 (1872) to confer upon the Probate Courts common-law jurisdiction to administer the law of dower. Therefore, proceedings before Probate Courts to recover dower are, in effect, actions at law.

(2)    Prior to the passage of said chapter 607, under the provisions of Rev. Stats., cap. 202, § 16, Probate Courts had jurisdiction to assign dower to a widow upon her joint application with all the heirs at law or devisees of the deceased having the next immediate estate of freehold and all persons interested in all or any of the lands, etc., whereof such widow was dowable. But even at that time upon such an application, under Rev. Stats., cap. 202, § 17, the Probate Court was required, in the first instance, to decree in what manner the dower ought to be assigned, whether by metes and bounds or in some special and certain manner as set forth in the second section of the chapter. This provision has continued to exist, as a part of the law concerning the assignment of dower, up to the present time. The effect of the provision is to impose upon courts of probate the duty of determing the manner in which the dower shall be assigned. And under the provisions of Gen. Laws, cap. 264, § 18, in actions at law and in suits in equity the court has discretionary power to choose in which of the ways therein prescribed, considering the situation of the parties and of the estate, it will set out such dower. See *Arnold* v. *Probate Court,* 25 R. I. 506.

A careful examination of the testimony discloses no abuse of such discretion on the part of the Superior Court.

The appellant's exceptions are therefore overruled, and the case is remitted to the Superior Court with direction to enter its decree affirming the decree of the Municipal Court of the City of Providence.

*Frank H. Wildes,* for appellant.
*Cooney & Cahill,* for appellee.