[Civil No. 1747.   Filed March 22, 1920.]

[188 Pac. 135.]

HOMER C. MILLSAP, J. T. KINGSBURY, HENRY NEALE, as Administrator of the Estate of GEORGE H. NEALE, Deceased, O. GIBSON and AURELLA B. SPARKS, Appellants, v. JOHN MILTON SPARKS, Appellee.

1. ATTORNEY AND CLIENT—ATTORNEYS PERFORMING SERVICES FOR ANOTHER ATTORNEY MUST LOOK TO HIM FOR COMPENSATION.—Where judgment creditor agreed to pay M. twenty-five per cent of amount recovered on judgment, and M. employed other attorneys to institute proceedings for collection, but made no assignment of any interest in his contract, the other attorneys must look to M. for compensation for services performed under and by virtue of their employment by M.

2. ATTORNEY AND CLIENT—CONTRACT FOR PORTION OF AMOUNT RECOVERED CREATES LIEN ON JUDGMENT.—The legal effect of a contract between a creditor and an attorney, whereby attorney for suing debtor was to have a portion of the amount recovered, was to create a lien on the judgment.

3. ATTORNEY AND CLIENT—ATTORNEY HELD NOT ENTITLED TO HAVE SATISFACTION OF JUDGMENT SET ASIDE.—Where judgment debtor, when a compromise of the judgment was made, did not know of contract with attorney creating lien on judgment, plaintiff is not entitled to have satisfaction of judgment set aside, but must look to judgment creditor alone for compensation; there being no fraud in the compromise.

4. ASSIGNMENTS—LIENS—"LIEN" DISTINGUISHED FROM "ASSIGNMENT."— A lien is a charge on property, while an assignment creates an interest in property.

5. ATTORNEY AND CLIENT—GOOD FAITH SETTLEMENT VALID WITHOUT CONSENT OF COUNSEL.—A client may, without the consent of his attorney, settle and compromise with his adversary all matters in litigation in such manner and upon such terms as he may deem necessary for the protection of his interests; settlement being made in good faith and without purpose to defeat lien of attorney.

6. ATTORNEY AND CLIENT—ATTORNEY PROTECTED AGAINST COLLUSIVE SETTLEMENT.—The courts will protect an attorney against a collusive settlement of the litigation in fraud of his lien.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. J. T. Kingsbury and Mr. O. Gibson, for Appellants.

Messrs. Boyle & Pickett, for Appellee.

BAKER, J.—Aurella B. Sparks, on March 25, 1910, recovered a judgment in the superior court of Los Angeles county, California, against John M. Sparks for the sum of $5,000 and costs, and on the twenty-first day of January, 1911, Mrs. Sparks entered into a contract in writing with H. C. Millsap, an attorney at law of Los Angeles, California, by the terms of which contract Millsap agreed to institute such proceeding or proceedings, and to prosecute the

same, as might be necessary to enforce such judgment, and to collect the money thereon, and in consideration thereof Mrs. Sparks agreed to pay said Millsap as compensation for his services twenty-five per cent of any sum that might be recovered in settlement, or upon execution issued on said judgment. At the time this contract was entered into John M. Sparks resided in Cochise county, Arizona. Millsap employed J. T. Kingsbury, O. Gibson, and George H. Neale, local attorneys residing in Cochise county, to institute proceedings in the superior court of that county against John M. Sparks, looking to the enforcement of said judgment and the collection of the amount due thereon. These attorneys succeeded in obtaining a judgment against John M. Sparks in the sum of $5,898.24 and costs. This judgment was based on the California judgment. Subsequently the same attorneys filed a suit in the superior court of Cochise county against John M. Sparks in the nature of a creditor's bill, with the object of realizing upon the last-mentioned judgment. During the pendency of the creditor's bill Mr. and Mrs. Sparks compromised and settled the litigation. Mr. Sparks paying Mrs. Sparks $1,500 in satisfaction of the judgment against him for $5,898.24. Soon after the satisfaction of the judgment was entered on the record, Millsap, Kingsbury, Gibson and Neale moved the court to vacate and set aside the satisfaction, for the alleged reason that the compromise of the litigation and satisfaction of the judgment was fraudulent, and was accomplished for the purpose of defeating and circumventing their claims for services as attorneys for Mrs. Sparks. After hearing of the matter upon affidavits and oral testimony, the court denied the motion, and thereupon Millsap, Kingsbury, Gibson and Neale took this appeal.

The undisputed testimony tends to show that H. C. Millsap employed Kingsbury, Gibson and Neale. He never made any assignment of the contract or any interest in the contract which he held from Mrs. Sparks to these attorneys, and whatever services they rendered in the suits against Mr. Sparks were rendered and performed under and by virtue of their employment by Millsap, and of course they must look to Millsap for compensation. As to these attorneys, the order of the trial court refusing to vacate the satisfaction of the judgment was unquestionably correct.

The right of Millsap to have the satisfaction of the judgment set aside and vacated depended upon the good faith of the parties in compromising the litigation. The legal effect of the contract between Millsap and Mrs. Sparks was to create a lien upon the judgment to the extent of twenty-five per cent of the amount thereof. 2 Pomeroy's Equity Jurisprudence, par. 1235. It was not an equitable assignment of the judgment, or of any interest therein. A lien is a "charge upon" property, while an assignment creates an "interest in" property. In the one case the property can be conveyed subject to the lien, or even free of the lien. In the other case, the portion assigned can be conveyed only by the assignee who is a co-owner with the assignor. *Nichols* v. *Orr et al.,* 63 Colo. 333, 2 A. L. R. 449, 166 Pac. 561. *Barnes* v. *Shattuck,* 13 Ariz. 339, 114 Pac. 952, differs from the present case. There the interveners acquired an "interest in" the fund itself by virtue of the contract. In *Fillmore* v. *Wells,* 10 Colo. 228, 3 Am. St. Rep. 567, 15 Pac. 343, the court said:

"The attorney's lien, whether under the statute or at common law, is equitable in its nature. . . . It is not property in the thing which gives a right of action at law. It is a charge upon the thing which is protected in equity."

The law favors the settlement of litigation, and it is well established that a client may, without the consent of his attorney, settle and compromise with his adversary all matters in litigation in such manner, and upon such terms as he may deem necessary for the protection of his interests. 6 C. J. 789; 2 R. C. L. 1000; *Paulson* v. *Lyson,* 12 N. D. 354, 1 Ann. Cas. 245, 97 N. W. 533; *Fischer-Hansen* v. *Brooklyn Heights R. Co.,* 173 N. Y. 492, 66 N. E. 395; *Nichols* v. *Orr et al., supra.* Such settlement must, however, be made in good faith, and without purpose to defeat the attorney's lien. 2 R. C. L. 1002; *Curtis* v. *Metropolitan St. Ry. Co.,* 118 Mo. App. 341, 94 S. W. 762. The court will protect the attorney of a party to an action against a collusive settlement of the litigation in fraud of his lien. *Weicher* v. *Cargill,* 86 Minn. 271, 90 N. W. 402; *Jackson* v. *Stearns,* 48 Or. 25, 5 L. R. A. (N. S.) 390, and note, 84 Pac. 798.

It is urged that the settlement in this case was not honest, and was accomplished for the purpose of defeating Millsap's lien. It is undisputed that Mrs. Sparks went to the office of one of the attorneys of John M. Sparks and first offered to settle the judgment for $1,000. The attorney immediately communicated with Gibson by phone, and informed him that Mrs. Sparks was in the office and wanted to settle the case, but that he did not wish to settle without letting Gibson know about it. Gibson informed the attorney that he was not working for Mrs. Sparks, that he had not been employed by her, and that she was not obligated to him in any way. Nothing was said about Millsap or the Millsap contract. Sparks had some conversation with Kingsbury, in which it seems that he expressed an intention not to beat Kingsbury or his associates out of any fee in the case. While this testimony would indicate that Sparks knew that Kingsbury and his

associates were entitled to fees from someone for their services about the litigation, it does not prove or establish that Sparks had any knowledge of the Millsap contract or lien. The testimony of Sparks, as well as the testimony of the attorney representing him in the litigation, clearly shows that neither Sparks nor his attorney had any knowledge of the existence of the Millsap contract or lien until long after the compromise of the litigation was effected by Mr. and Mrs. Sparks. We think it was the duty of·Millsap to give Sparks some notice of the existence of the contract between himself and Mrs. Sparks in order to preserve and protect his lien as against any compromise which might be made by the parties to the litigation. This he failed to do. As a general rule, a charging lien is not perfected until notice has been given to the obligor against whom it is asserted, unless such person has knowledge of the claim, or has notice of facts sufficient to put a prudent person upon inquiry. 6 C. J. 772.

We find no evidence in the record that tends to accuse either Sparks or his attorney of any fraud in the compromise, and Millsap must look to Mrs. Sparks for compensation for his services. For the foregoing reasons the order of the lower court refusing to vacate and set aside the satisfaction of the judgment must be, and the same is hereby, affirmed. ·

CUNNINGHAM, C. J., and ROSS, J., concur.