Decedent owned considerable real estate at the time of his death, some subject to and some free from mortgages. The mortgages were placed on the property before his marriage. As the mortgages became due and were renewed after marriage, his wife joined in the notes as an accommodation maker and signed the mortgages. The estate is quite solvent. The administrator subtracted one-third of the total value of all the real estate, regardless of mortgages, as the widow's share and claimed it exempt from *Page 417 
inheritance taxes. The Tax Commission objected to the computation of the tax on this basis and petitioned to have the tax fixed on the theory that only one-third of the clear value of each piece of real estate should be set aside as the widow's share and therefore only that amount taken out of the estate as exempt from the inheritance tax. The difference in the two theories makes a difference in tax of $1,522.79 for or against the estate, depending on whether its theory or the Commission's is correct. The administrator demurred to the Commission's petition. The demurrer was overruled, thus placing the court on the Commission's side. The administrator stood on the petition and the order to pay the greater amount was made by the court. The administrator appeals from the order fixing the tax at $3,326.66 instead of $1,803.87. The questions involved are stated above: Is the widow entitled to have one-third of the whole value of the real estate or one-third of the clear or net value after the amount of the mortgage debt is subtracted, sometimes inaccurately called the equity of redemption? A close examination of section 101-4-3, R.S. Utah 1933, will go far toward answering the question. We quote it in full with certain portions italicized by us as follows:
"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of herrights, shall be set apart as her property in fee simple, if she survives him; provided, that the wife shall not be entitled to any interest under the provisions of this section in any such estate of which the husband has made a conveyance when the wife, at the time of the conveyance, was not and never had been a resident of the territory or state of Utah. Propertydistributed under the provisions of this section shall be freefrom all debts of the decedent except those secured by liens forwork or labor done or material furnished exclusively for theimprovement of the same, and except those created for thepurchase thereof, and for taxes levied thereon. The value of such part of the homestead as may be set aside to the widow shall be deducted from the distributive share provided for her in this section. In cases wherein only the heirs, devisees and legatees of the decedent are interested, the property secured to the widow by this section may be set off by the court in due process of administration." *Page 418 
It will be noted that one-third in value of all the legal and equitable estates possessed by the husband shall be set aside asher property in fee simple if she survives him, provided she has made no relinquishment of her rights. What is the legal
estate possessed by the husband in mortgaged property 1 to which he has the legal and equitable title? Is it the whole of the real estate or the clear value after deducting the amount of the mortgage debt? In those states where the real estate is not conveyed to the mortgagee, the husband is possessed of a legal and equitable estate in the whole of the land, the mortgage being only a lien. A lien is not an estate in land nor property nor even an interest in land in the technical sense. The mortgagee has no interest in the land, although he is interested in it. Getting away from words and dealing with conceptions behind them, we find that a mortgage lien is a right to resort to the land in order to obtain the debt in case of default and in this state there is an obligation to first do so before obtaining a deficiency judgment. The debt is one thing, the land another. Because certain debts are given recourse to certain land, does not change the nature of the property of which the owner and mortgagor was seized. In re Kellogg (D.C.) 113 F. 120; Reasoner
v. Edmundson, 5 Ind. 393; Heath v. Pugh, 6 Q.B.D. 345;Millsap v. Sparks, 21 Ariz. 317, 188 P. 135; Van Amburgh v.Kramer, 16 Hun (N.Y.) 205. In the latter case, where the wife held the mortgage by joining in her husband's conveyance, it was held she did not convey her mortgage right because it was not an interest in or title to land. By this statement we do not mean to pass upon the construction of the word "interest" in section 104-57-1, R.S. 1933, especially in view of the use of the word "lien" in section 104-57-10; nor on the meaning of the word "interest" in section 33-5-1, R.S. 1933; nor as to the meaning of the word "interest" as used in transactions or deeds between mortgagor and mortgagee. The interpretation and meaning to be given those words depends on statutory construction governed by legislative *Page 419 
intent. In passing, it may be noted, however, that in Power v.Bowdle, 3 N.D. 107, 54 N.W. 404, 21 L.R.A. 328, 44 Am. St. Rep. 511, and Bidwell v. Webb, 10 Minn. 59 (Gil 41), 88 Am. Dec. 56, it was held that in an action to quiet title, "estates and interests" were not synonymous with liens and that mere liens were not primarily within the statute. Burwell v. Tullis,12 Minn. 572 (Gil. 486); McLean v. Shaw, 125 N.C. 491, 495,34 S.E. 634; Crockett v. Bray, 151 N.C. 615, 66 S.E. 666. Although the weight of authority is probably in favor of holding a judgment or mortgage lien an interest for the purpose of the statute. But on the question of whether a lien holder has any property or estate or interest (used technically) in land before default, we hold that in this state, where a mortgage is only a lien, he has no property, or estate, but holds only security for his debt. The logic of the case of Larson v. MacMiller,56 Utah 84, 189 P. 579, 581, leads to this view. It was there said:
"Nowhere in the inheritance tax law is there any intimation that the owner of incumbered property owns less than all of it; that he is the holder of an interest only or owns less than the whole in case the property is subject to a debt or a lien. All through the act are indices pointing to the conception that it was intended by the word `interest' to convey the idea of a distinct part of the property, a proprietary interest, ownership of a life interest in the one party and the remainder in another, a certain interest with another, as the interest of one partner in the property owned by a partnership — not an equitable or other lien depending for the possibility of ownership upon the future failure to pay a debt."
Other authorities holding that a mortgage is not an estate or interest in land are Dutton v. Warschauer, 21 Cal. 609, 82 Am. Dec. 765; Mack v. Wetzlar, 39 Cal. 247; Williams v.S.C. Min. Ass'n, 66 Cal. 193, 5 P. 85. A very good discussion is contained in Wade v. Miller, 32 N.J.L. 296, at page 303. But contra, Mason v. Beach, 55 Wis. 607, at pages 612, 613, 13 N.W. 884.
Has the wife by joining in the mortgage relinquished all rights in that property? We think she has only done *Page 420 
so in reference to the mortgagee and not for the benefit of the other heirs, the general creditors or tax creditors. The wife's interest has some of the aspects of joint 2 tenancy in one-third of the real estate. In the common-law joint tenancy, each owned every bit of the whole. One who died simply fell away from the title. The husband by predeceasing her does not effectuate a passage of title of her one-third, but only recedes from the interest she had, at the same time maturing it. When she signs for accommodation purposes, she relinquishes that one-third interest only in case the mortgagee shall require to resort to it for collection. If the mortgage overlaps the one-third interest, i.e., there is a necessity for resorting to more than two-thirds of the proceeds of the property, by her joint signing she consents to that incursion on such one-third of the proceeds. The very purpose of section 102-9-22, R.S. 1933, was to provide that the real estate should be discharged of its charge by using the general assets of the estate so as to save the real estate unencumbered for those who are entitled to it. The widow's right to have set aside for her one-third of the real estate does not depend on whether the general assets are sufficient to pay the mortgage debts or whether they are so used. There can be no variation of that sort in the right, depending on whether the mortgage debts are paid. What happens is that at all events, as far as heirs, general creditors, and the Tax Commission are concerned, her one-third is set aside subject only to recourse in case the property of the husband — the remaining two-thirds — does not satisfy the mortgage debt charge against it. Mandel v. McClane, 46 Ohio St. 407,22 N.E. 290, 5 L.R.A. 519, 15 Am. St. Rep. 627; Oades
v. Standard Sav. Loan Ass'n, 257 Mich. 469, 241 N.W. 262; 9 R.C.L. 588, § 31; 19 C.J. 485. Cases holding that the wife is dowable with one-third the value of the fee and not the clear net, deducting the amount of the mortgage, are as follows:Virginia-Carolina Chemical Co. v. Walston, 187 N.C. 817,123 S.E. 196; Commercial Banking Trust Co. v. Dudley, 76 W.V. 332, 86 S.E. 307, *Page 421 
12 A.L.R. 1334; Kling v. Ballentine, 40 Ohio St. 391; Mowry
v. Mowry, 24 R.I. 565, 54 A. 383; Canan v. Heffey, 27 Ohio App. 430,161 N.E. 235; Shobe v. Brinson, 148 Ind. 285,47 N.E. 625; Lewis v. Watkins, 150 Ind. 108, 49 N.E. 944;Gerhardt v. Sullivan, 107 N.J. Eq. 374, 152 A. 663.
As to those mortgages which were executed before marriage by the husband and which came into coverture and remained until his death in that status, the same rule applies. The husband is seized of the whole of the legal estate in the property subject to the mortgage. There is set aside for the wife one-third in value in fee simple, but subject to the prior charge of the mortgage on so much of her estate as is needed to supply any deficiency not satisfied out of his share.
Section 101-4-3, R.S. 1933, was originally taken in part from McClain's Ann. Stats. of Iowa, 1888, § 3644, and incorporated in the Utah statutes in the year 1898. The Supreme Court of Iowa in the case of Trowbridge v. Sypher, 55 Iowa 352,7 N.W. 567, 569, held that where real estate was encumbered, 3, 4 the mortgage should first be paid out of the real estate and the widow should receive one third of the balance in satisfaction of her right. This is contrary to the holding above set out in this opinion. It is urged that by the adoption of the Iowa statute, we also adopted the construction placed upon it by the highest court of that state. Ordinarily this is true, but not when we deem such construction clearly wrong. The court held that when the wife in her discretion, with her own hand, joins in executing an encumbrance upon the land in which she is dowable,
"She does this * * * with the view of enhancing the personal assets of which she, upon the death of her husband, becames distributee."
We fail to see how the court could assume that the wife necessarily enhanced the personal assets by joining in the mortgage. There may not even have been personal assets. The court also states, *Page 422 
"In our opinion Mrs. Sypher, when she executed the mortgage, subjected her distributive share to a pro rata primary liability." (Italics supplied.)
We think this wrong. We think the wife who was an accommodation maker subjected her interest to a primary liability only in caseit was necessary to resort to it to pay the mortgage. And especially is this true in view of the part of section 101-4-3 which provides that,
"Property distributed under the provisions of this section shall be free from all debts of the decedent except those secured by liens for work or labor done or material furnished exclusively for the improvement of the same, and except those created for the purchase thereof, and for taxes levied thereon."
It is not claimed in this case that the indebtedness secured comes in under any of these exceptions. When the statute says, "shall be free from all debts of the decedent," it supposedly means it. The Iowa statute did not have this provision in it. It is said that this provision came from the Indiana statute (Burns' Ann. St. 1933, § 6-2313), the Iowa statute not containing it at the time of its incorporation in the Utah statutes. Indiana, by the decision of its highest court, gives this provision the construction it would seem to demand. Therefore, believing the Iowa decision unsound in principle and the construction placed by the Indiana courts on a statute similar to ours as sound in principle, we shall follow the latter and not the former.
To sum up: The widow gets one-third in value of any and all pieces of real estate, but her interest will be subjected to the payment of any deficiency in a mortgage debt on any such piece of real estate which came to the coverture or in which mortgage she joined, not met by the other two-thirds of the property. If there is cash or personal property or unencumbered real estate or a surplus between the mortgage debt on other real estate and her third interest in that other real estate, the cash or the proceeds of such personal property, unencumbered real estate, or such surplus should be applied to relieve her share in the property *Page 423 
so subjected to the deficiency, except that if the lien is for work and labor done or material furnished exclusively for improvement or for the purchase price, her share must bear it pro rata, because she must help pay ratably to discharge a lien for improvements which made her share more valuable or for the purchase price by which her share was acquired.
The judgment of the lower court is reversed, with instructions to enter an order fixing the tax at the amount it should be, calculated according to the decision herein rendered. Costs to appellant.
ELIAS HANSEN, C.J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.