[Civil No. 3856. Filed November 16, 1937.]

[73 Pac. (2d) 94.]

J. F. RALSTON, Appellant, v. JOSEPH H. MORGAN, P. W. O'SULLIVAN, LOUIS H. BUNTE and O'SULLIVAN & MORGAN, a Copartnership Composed of JOSEPH H. MORGAN, P. W. O'SULLIVAN and LOUIS H. BUNTE, Appellees.

Mr. James E. Babbitt and Mr. V. P. Lucas, for Appellant.

Messrs. O'Sullivan & Morgan, for Appellees.

ROSS, J.—This is an action commenced and prosecuted by J. F. Ralston to recover $3,246.15 in money which he claims came into the hands of O'Sullivan, Morgan & Bunte as his attorneys in some litigation by plaintiff against the United Verde Mining Company and the United Verde Extension Mining Company, corporations.

The amended complaint purports to set out four causes of action. The first is for $1500 alleged to have been advanced by plaintiff to defendants "as a retainer and as an advance" against defendants' fee and to be deducted therefrom. The second is for an alleged wrongful overcharge of $1,746.15 in defendants' account with plaintiff. The third is for $3,246.15, money received by defendants from the above two mining corporations for the use and benefit of plaintiff. The fourth is in these words and figures:

"That on or about the 17th day of March, 1931, at Prescott, Yavapai County, Arizona, a written account was stated between plaintiff and the assignors of plaintiff and the defendants Morgan, O'Sullivan and Bunte herein, and upon such statement a balance of Thirty-two Hundred Forty-six and 15/100 Dollars ($3,246.15) was found due to plaintiff and the assignors of plaintiff from the said defendants; that attached hereto marked 'Exhibit A,' is a copy of said account."

The only prayer of the plaintiff is at the conclusion of the last cause of action and is for the sum of $3,246.15.

The defendants in their amended answer admitted

"that an account was stated as shown by 'Exhibit A' to said amended complaint . . . and (alleged) that these defendants paid, and the plaintiff and his assignors accepted as full payment, the amounts due as shown in said account and the supplemental account herein set forth as 'Exhibit A' to the amended answer."

The case was tried to the court and resulted in a judgment in favor of defendants, and plaintiff has appealed.

The plaintiff, to sustain the allegations of his amended complaint, called defendant Morgan for cross-examination and commenced to question him generally concerning their dealings from the beginning. Whereupon defendants objected on the ground that plaintiff had alleged in his complaint that the parties had theretofore stated their accounts and that for that reason any evidence of their differences previous thereto was incompetent and immaterial. This objection was sustained and the ruling is assigned as error. Counsel for plaintiff, Mr. Lucas, then announced: "On behalf of the plaintiff I now abandon the fourth cause of action and move for its dismissal." This motion was granted. Thereafter, upon admissions from plaintiff's counsel that the item of $1500 in the first cause of action and the item of $1,746.15 in the second cause of action were included in and a part of the stated account, and that the item in the third cause of action is for the exact and identical balance of the stated account, the court, on motion of defendants, dismissed the first, second, and third causes of action and ordered "that the defendants have judgment for the costs of this action."

The first question is, Was the ruling on evidence correct? The law seems to be well settled that, when persons who have had business dealings with each other and between them there has been an open running account which they have mutually agreed to settle and have struck balances, such settlement becomes an account stated and can be impeached only for mistake or fraud. The account stated is a new promise and takes the place of the items of the open account. Thus in *Chittenden & Eastman Co.* v. *Leader Furniture Co.*, 23 Ariz. 93, 201 Pac. 843, we said:

"The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof. *Loventhal et al.* v. *Morris,* 103 Ala. 332, 15 So. 672; *Volkening* v. *De Graaf et al.,* 81 N. Y. 268; *McCarthy* v. *Mt. Tecarte Land & Water Co.,* 111 Cal. 328, 43 Pac. 956.

"Hence the allegation of facts relating to the prior transactions of the parties or referring to the manner in which the new agreement came about has no place in the complaint any more than the facts leading to the giving of a promissory note would be proper in a suit thereon. It would of course be otherwise if the action were based on the account while still open and unsettled, but the stating of it renders all transactions relating to the items of the original account a closed book, except where fraud or mistake in the settlement is alleged."

If it is not necessary to plead antecedent facts of the account, it is not competent to prove such facts. Here there is no dispute that there was an account stated between the parties. Plaintiff alleges it, defendants admit it, and the evidence supports it, so the ruling of the court was clearly correct.

It is next contended that the court erred in dismissing causes 1, 2, and 3. When plaintiff on his own motion dismissed the fourth cause of action, it being the one on the stated account, he, in effect, dismissed his whole case because causes 1 and 2 were items thereof and 3 was for the identical sum.

It is next contended that the dismissal of causes 1, 2, and 3 was involuntary and not permitted or authorized by our statutes, citing *Little* v. *Brown,* 36 Ariz. 194, 283 Pac. 924. In that case the court dismissed the plaintiff without prejudice and refused to enter judgment upon the merits after hearing the evidence, but in this case the facts show that the court heard the evidence and decided the case upon its merits. At the time the court entered judgment for the

defendants, the evidence conclusively sustained the allegations of the complaint and answer that there had been made by the parties an account stated in writing; that the balance of $3,246.15 agreed upon in that account had been paid by the defendants to the plaintiff and his assignors; that one year and four months had elapsed from the time of such payment until the plaintiff filed his complaint and when he did file his complaint there was no allegation of mistake, inadvertence, deceit, or fraud in connection with such account. Such being the case, we do not see how the court could have rendered any other judgment than it did.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.