In re WALTON'S ESTATE.
STATE TAX COMMISSION v. JERRELL.

No. 7249.   Decided March 1, 1949.   (203 P. 2d 393.)

See 61 C. J., Taxation, sec. 2531; 28 Am. Jur. 101. Conditional bequest to person in specified relationship to decedent as preventing estate tax exemption, note, 112 A. L. R. 266.

*Wayne Christoffersen,* of Salt Lake City, for appellant.

*E. A. Walton,* of Salt Lake City, for respondent.

PRATT, Chief Justice.

The issues involved in this case are three questions about the interpretation of the following section of our inheritance tax code, Sec. 80-12-2, U. C. A. 1943, as amended by Chapter 113, L. of U. 1947, p. 405.

This Section reads:

"A tax equal to the sum of the following percentages of the market value of the net estate shall be imposed upon the transfer of the net estate of every decedent, whether a resident or nonresident of this state:

"Three per cent of the amount by which the net estate exceeds $10,000 and not to exceed $25,000, except where property not exceeding in value the sum of $40,000 goes to the husband, wife and/or children of the deceased or any or all of them by descent, devise, bequest or transfer directly or through a trustee, then in such case the exemptions shall be *the amount so going* not to exceed $40,000; (italics added)

"Five per cent of the amount by which the net estate exceeds $25,000 and does not exceed $75,000 except where property not exceeding in value the sum of $40,000 goes to the husband, wife and/or children of the deceased or any or all of them by descent, devise, bequest or transfer directly or through a trustee, then in such case the exemptions shall be the amount so going not to exceed $40,000, *but on the excess of $40,000 the rate shall be as herein provided;* (italics added)

"Eight per cent of the amount by which the net estate exceeds $75,000 and does not exceed $125,000;

"Ten per cent of the amount by which the net estate exceeds $125,000; *provided,* at the discretion of the Tax Commission, the taxpayer may choose to pay in kind on an estate or any portion thereof which is not liquid."

It is stipulated that the estate in this controversy is of the approximate value of $27,000; and that by will, testatrix gave 3/5 to three of her surviving daughters; 1/5 to grandchildren, children of a deceased son; and 1/5 to grandchildren, children of a surviving son, with a life estate or interest in that son.

The questions raised are:

(1) Does the term "children" include grandchildren;

(2) Is the life interest of the surviving son equivalent to a transfer to a surviving child, thus exempt; and

(3) What is the exemption which should be allowed under the section?

We are of the opinion that "children" does not include "grandchildren." It must, of course, be conceded that the common use of these terms recognizes the distinction between them found in the dictionary definitions—that is as the plurals of "child" and of "grandchild." The latter two terms are easily understandable as a son or daughter, and a grandson or a granddaughter. If then the term "children" is to be given some other meaning, it must be by reason of something incident to the enactment itself, or incident to the scope of meaning the term has acquired by use throughout our code.

So far as this enactment is concerned, this section and section 80-12-5, transfer by right of survivorship, as amended, appear to be the only sections of Chapter 12 of Title 80 covering inheritance tax where the term is used. In Section 80-12-5, as amended by Chapter 115, L. of U. 1947, a similar $40,000 exemption is allowed, as to property held jointly or in entirety to a husband, wife, or "children."

Now how has the term been used in other sections of our code? Sections 101-1-32 and 33, U. C. A. 1943 designate "children" and "issue of any deceased child" speaking of

the failure to recognize such descendants in a will. See also *In re Newell's Estate*, 78 Utah 463, 5 P. 2d 230. Again in intestate succession "children" and the "issue of a deceased child" are distinguished. In Section 101-4-6, pertaining to homestead exemptions the expression "minor children" is used. Section 101-4-7 covering partition of a homestead uses the expression "children." There are other sections, but it would be merely cumulative to cite them. A consideration of them all gives very much the idea that the term has been used in its common sense. Certainly there is nothing in any of them indicative of a different use; and the first two cited rather clearly indicate from the expression of "issue of any deceased child", that "children" means simply one or more sons and/or daughters.

As to the second question, the lower court held in effect that the life interest of the son was exempt to an amount equal to a 5% income from that part for a period of 19 years as the life expectancy of the son. This was in accord with the stipulation of the parties as to facts, but without prejudice, of course, to the interpretation of the law. This value was computed to be $2,973.

It would seem that something of value was transferred to the son. Is it not property? Assume for the sake of argument that it was the son who received title, but title encumbered by a life estate or interest in a stranger. In measuring the value of the property so transferred to the son would not the existence of the life estate or interest in it have some adverse effect? In order to claim an exemption as to his devise or bequest, would the Tax Commission permit him to take full value of the property as if there were no incumbrance upon it? Section 80-12-3, provides that in fixing the gross estate, any interest in property whether tangible or intangible shall be considered. It also says any interest in property which is affected by mere lapse of time shall be considered as of the time of death. In the *Estate of Reynolds'*, 90 Utah 415, 62 P. 2d 270, this court held that the word "interest"

meant a property interest, and in distinguishing it from a lien referred to a life interest.

We are of the opinion that it was proper to consider the interest the son received as property transferred directly to him under the terms of the code section in question; and that it was proper to measure its value on the basis stipulated. See annotation 127 Am. St. Rep. 1076.

Now then, as to the third question—how to apply the law as to values;

The term "net estate" means the value of the estate left after the deduction of the debts. Sec. 80-12-7. "Debts" besides including obligations of the deceased incurred during his life time inclusive of taxes, includes expenses of administration and funeral expenses including tombstone. Sec. 80-12-8, as amended.

The first sentence of the second paragraph of Section 80-12-2, as amended, imposes 3% tax on that part of the net estate that exceeds $10,000 and does not exceed $25,000. But, the paragraph continues, if the property goes to certain specified people—"husband, wife and/or children" the "exemptions" are as high as $40,000, if that amount of property so passes.

It seems clear that as the first tax to be imposed upon any part of an estate is the 3% of that over $10,000 and not to exceed $25,000, there is at least $10,000 exempt in all cases. Starting with this premise, it is reasonable to say that what the legislature had in mind was: In case of the specified heirs, they have an exemption as high as $40,000 if the property going to them equals that amount. Assuming a net estate of $24,000, if the property going to them is only $100, the general exemption of $10,000 applies and the 3% tax is on all above that $10,000. If the property going to them is $15,000, a 3% tax is payable upon the difference between the $15,000 and the $24,000. If in a larger estate the property going to them is $26,000

there is no 3% tax due, but the 5% tax is payable upon the property in excess of $26,000 and not exceeding $75,000. If they receive property of $41,000 valuation, $40,000 is exempt and 5% payable on all in excess of $40,000, but not exceeding $75,000.

If this view is not adopted, and the expression "the amount so going" as measuring the exemption is taken literally, then the direct specified heirs are in a disadvantageous position as compared with collateral heirs. For example: If the money going to them is $2,000, the estate would pay 3% tax on the amount in excess of $2,000 and not exceeding $25,000; whereas, if the estate went to collateral heirs the tax of 3% would be levied only on the difference between $10,000 and the excess over that, but not exceeding $25,000. In other words, from the fact that this is an amendment to a previous act allowing an exemption of $10,000 in all cases, we are justified in concluding that the purpose of the amendment is to increase that exemption for the specified heirs as to "the amount so going" to them, as they are usually the heirs directly interested in obtaining support from the estate left by the deceased.

Judgment is reversed, and the case is remanded for proceedings to conform to this opinion.

WADE, LATIMER and McDONOUGH, JJ., concur.


WOLFE, Justice (concurring specially).

(1) I agree that under Section 80-12-2, U. C. A. 1943, as amended by Chapter 113, Laws of Utah 1947, the Legislature intended to place "grandchildren" in the class of collaterals. That is to say, it intended to give the increased exemption only in case the property was devised or bequeathed to a spouse and/or children of the spouses, and not to that portion devised or bequeathed or passing by the laws of inheritance to the issue of other than the spouses. But I think the question of whether "children"

was intended to include grandchildren or great grandchildren in any case, depends on the particular statute involved and the purposes it was intended to subserve. I think it is not helpful to argue from outside the statutes dealing with succession as it may lead to a result contrary to the one intended in regard to this statute. I should say unless it appears that not to include grandchildren or more remote direct descendants would do violence to the obvious purpose of the statute, the word "children" should be held to its plain and literal meaning.

(2) I agree that the lower court was correct in allowing as an exemption the value of the surviving son's life estate.

(3) As to the third question, I think that in any case of devolution of estate by death, an exemption of $10,000 was intended. If more than $10,000 devolved on the surviving spouse and/or children, the amount so going up to $30,000 additional would be exempt. In this case, it is not necessary to determine what the rate would be if such property were in excess of $40,000 because the whole estate is only $27,000. Whether a statute says 3% of the value by which the net estate exceeds $10,000 but not to exceed $25,000, as in the case at bar, or whether the statute says there shall be an exemption of $10,000 there is, in either case, an exemption of $10,000. Here the statute further says, in effect, but if up to $40,000 or any part thereof goes to heirs named (surviving spouse and/or children), that part up to $40,000 shall be exempt. But unless the wording of the statute so required, it would not be construed as giving double exemptions. Going further, which we need not do, if the property passing to the heirs designated by the statute, exceeded $40,000, up to the amount of $75,000, the tax on the $35,000 or any part thereof would be as provided in the general scale of $25,000 to $75,000 or 5%. But if the amount going to the designated heirs should exceed $75,000, then it would be the rate of 8% up to $125,000. If over $125,000 to direct heirs, it would be 10% on all over that amount.

The above ideas can be illustrated by the following examples, each assuming a net estate of $200,000:

(A)   All to heirs other than wife and children:

|  |  |  |
|---|---|---|
|  | $10,000 exempt ..................... |  |
| $25,000 —$10,000 | $15,000 at 3% ......................$ | 450 |
| $75,000 —$25,000 | $50,000 at 5% ...................... | 2,500 |
| $125,000—$75,000 | $50,000 at 8% ...................... | 4,000 |
| $200,000—$125,000 | $75,000 at 10% ..................... | 7,500 |

Total....$14,450

(B)  All to wife and children

| | | | |
|---|---|---|---|
| $10,000 exempt | $30,000 exempt | == | $40,000 exempt |
| $75,000 —$40,000 | $35,000 @ 5% | == | 1,750 |
| $125,000—$75,000 | $50,000 @ 8% | == | 4,000 |
| $200,000—$125,000 | $75,000 @ 10% | == | 7,500 |

Total....$13,250

What the statute intended to do was to provide a general scale as shown by illustration (A) and then intrude into the general scale a greater exemption on all property going to the heirs named in the statute, up to $40,000. That is apparent from the above illustrations, since in estates exceeding $40,000 in value, the accumulated percentages meet again on the general scale, i. e. at 8% and 10%. The $40,000 exemption only touches the 3% and the 5% brackets. After $75,000 there is no difference because the $40,000 exemption has played its part within the first $75,000.