390 P.2d 911

Eve HOFFER and Salvatore Paterno, Appellants,

v.

Paul A. WETZEL, dba Wetzel Realty, a sole Proprietorship, Appellee.

No. 6958.

Supreme Court of Arizona.

In Division.

April 1, 1964.

John M. Levy and Emmett R. Feighner, Phoenix, for appellants.

Peterson & Estrada, and Otis D. Sullivan, Phoenix, for appellee.

JENNINGS, Justice.

Plaintiff Wetzel, appellee herein, brought two separate actions on two promissory notes, one against the maker Hoffer, and the other against the accommodation maker Paterno. The two actions were consolidated in the trial court. Plaintiff moved for summary judgment, attaching a supporting affidavit. Defendant Paterno controverted the motion with a supporting affidavit although defendant Hoffer did not. The court granted the motion for summary judgment and the defendants Hoffer and Paterno (appellants herein) moved for a new trial, which motion was denied. From the entry of summary judgment and denial of the motion for new trial Hoffer and Paterno appeal.

From the pleadings the facts appear as follows: On June 5, 1958 Wetzel, (appellee herein) in his capacity as a real estate broker, negotiated a purchase contract for the sale of certain real property in Phoenix, Arizona, between appellant Hoffer and Mr. and Mrs. McBroom, buyer and sellers respectively. Appellee Wetzel acted as the agent of the sellers. Two promissory notes were executed by appellant Hoffer, and appellant Paterno signed both of them as accommodation maker. These notes were made payable and given to Wetzel as the equivalent of cash for earnest money and to be applied on the purchase price of the property. In the event the notes were forfeited, Wetzel was to receive one-half the amount thereof as a commission. By the terms of the purchase contract Hoffer was to pay approximately $25,000 cash on or before the close of the escrow, and assume a mortgage in the approximate sum of

$36,000 bringing the total purchase price of the property to $64,000.

An escrow was set up with Arizona Title Guarantee & Trust Company of Phoenix as escrow agent. Escrow instructions were executed on June 12, 1958. The terms and conditions of the escrow were to be complied with and the escrow closed on or before July 2, 1958, which was the same date the notes were due to be paid off. The purchase contract contained a provision reading as follows:

"* * * That in the event the said purchaser shall fail to pay the balance of the cash payment or complete said purchase, as herein provided, within five days after the date upon which seller shall have complied herewith, the seller may demand specific performance of this contract, *or may retain the amount paid herein as liquidated and agreed damages, or pursue any other remedy at law or equity as he may elect.*" (Emphasis supplied.)

It is not controverted that the sellers had complied with the terms of both the purchase contract and the escrow instructions up to the date set for closing the escrow. However the buyer, appellant Hoffer, defaulted in complying with both the escrow instructions and payments required under the purchase contract. Hoffer also refused to pay the notes on the due date thereof. Thereafter, Wetzel made demand upon appellant Paterno, the accommodation maker, to pay the notes together with interest, which demand was refused. Wetzel thereupon brought the two above-mentioned actions to collect on the notes.

The only question on appeal is whether the court properly granted a summary judgment. A summary judgment may be granted when the pleadings and other matters of record, including supporting affidavits, show that there is no genuine issue of material fact remaining to be resolved, and that the moving party is entitled to judgment as a matter of law. Rule 56(c) 16 A.R.S., Arizona Rules of Civil Procedure; Lewis v. Palmer, 67 Ariz. 189, 193 P.2d 456. The plaintiff Wetzel in his affidavit set out the facts surrounding the purchase and sale of the property, the execution of the notes, the escrow agreement and stated that the sellers had complied with both the purchase contract and escrow agreement, and that the buyer had defaulted in her obligations under both the purchase and escrow agreement and had refused to pay the notes. Affiant further stated in the affidavit that the sellers had elected to "cancel the escrow instructions pursuant to the terms thereof applying to default by the buyer and to retain the deposit," (the notes representing cash), "as liquidated damages pursuant to the terms of the purchase contract. * * *"

Plaintiff's theory was that the conduct of the purchaser had worked a forfeiture un-

der the purchase contract, and he was therefore entitled to collect the promissory notes as liquidated damages. Defendant Paterno in his answer to the complaint claimed that the sellers had canceled the entire purchase agreement and therefore any consideration for the notes had failed.

In his affidavit controverting the plaintiff's affidavit for summary judgment, Paterno reiterated his claim that the sellers had canceled the agreement, in effect working a rescission of the entire transaction instead of effecting a forfeiture as provided in the original purchase contract. In the body of the affidavit he recited in *haec verba* a purported letter which he stated was written by the sellers to the escrow holder, Arizona Title Guarantee & Trust Company. It read as follows:

"November 22, 1958
"Arizona Title Guarantee
& Trust Co.
124 N. 1st Avenue
Phoenix, Arizona

Dear Mr. Churchill:
In reply to your letter of November 14, 1958 regarding escrow No. 172779 as to what disposition is to be made, this is to advise you that *we wish to cancel the above in its entirety.*

Yours truly,
s/ E. R. McBroom
s/ Marguerite McBroom"
(Emphasis supplied.)

Neither a sworn nor a certified copy of the letter was attached to the affidavit as required by subdivision (e) of Rule 56 Ariz.R.Civ.Proc. which provides that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Failure to attach a sworn or certified copy of such documents is not jurisdictional and may be waived. Employers Mutual Casualty Co. v. Lee, 352 S.W.2d 155 (Ct.Civ.App.Tex.). There is nothing in the record to indicate that plaintiff Wetzel objected to consideration of the purported letter in the affidavit, nor did he deny under oath the existence of such a letter. Hence we assume that he waived his objection to a strict compliance with Rule 56(e) and the Court was at liberty to consider the letter. This being so, we are of the opinion that the language of the purported letter was sufficient to put the Court on notice that there was a material issue of fact, i. e., did the sellers elect to stand on the provisions of the purchase agreement for forfeiture or did they rescind and cancel the entire transaction.

For the foregoing reasons, the trial court was in error in granting summary judgment when it appeared on the face of the pleadings together with affidavits that a genuine issue of material fact remained to be resolved.

When the contents of an affidavit supporting or opposing a motion for sum-

mary judgment show that the material parts thereof are statements of the affiant's personal knowledge, the requirement of Rule 56(e) as to personal knowledge is met, although the affidavit does not contain a specific recital to that effect. Holland v. Sanfax Corporation, 106 Ga.App. 1, 126 S.E.2d 442. Appellee's affidavit met this test.

Judgment reversed with directions for further proceedings not inconsistent with this opinion.

LOCKWOOD, V. C. J., and BERNSTEIN, J., concur.