395 P.2d 613

**William H. WAKEHAM and Dollie A. Wakeham, his wife, Appellants,**

**v.**

**OMEGA CONSTRUCTION COMPANY, an Arizona corporation, Appellee.**

**No. 7383.**

Supreme Court of Arizona.

En Banc.

Oct. 7, 1964.

Rehearing Denied Oct. 28, 1964.

Charles Christakis, Phoenix, for appellants.

D. Kelly Turner, Scottsdale, for appellee.

UDALL, Chief Justice.

This is an appeal from an order of the superior court granting plaintiff's motion for summary judgment. The parties will be referred to as they appeared in the lower court.

Plaintiff sued defendants, husband and wife, for $10,469.27, alleging this amount to be due on an account stated. Defendants' answer was a general denial. Plaintiff moved for summary judgment, and in support thereof, filed an affidavit together with copies of two escrow agreements, a letter from defendant-husband and a summary of the financial transactions between the parties prepared by such defendant. In opposition to this motion defendants filed their individual affidavits, a perusal of which discloses they too amounted to nothing more than denials of the facts set forth in plaintiff's documents.

Summary judgment was granted plaintiff for $10,409.95, the amount which defendant Wakeham admitted was owing to plaintiff in the account stated. From this judgment defendants appeal.

The account stated is evidenced by a letter dated November 12, 1959, from the defendant, William H. Wakeham, to the plaintiff in which he stated, "The items on this summary are from the books of account and are accurate." The summary referred to contains the following pertinent information:

"Summary of cash receipts and expenditures on property 524–530 South Monte Vista Drive Scottsdale, Arizona

Period January 1, 1959 through October 31, 1959
\* \* \* \* \*
\* \* \* \* \*

Outstanding debt (10–31–59)
\* \* \* \* \*
\* \* \* \* \*

Omega Construction Co. (open account) $10,409.95"

Copies of both the letter and summary were filed in support of plaintiff's motion for summary judgment. At this point it should be mentioned that neither of these documents were sworn or certified as required by subdivision (e) of Rule 56, Rules of Civil Procedure; however, such defect is not jurisdictional and may be waived. Hoffer v. Wetzel, 95 Ariz. 384, 390 P.2d 911. The record does not indicate defendants objected to the documents on this ground and neither did they attack their authenticity in their affidavits. They are therefore deemed to have waived the objection and the court was at liberty to consider the same in ruling on the propriety of the motion for summary judgment.

At this point we should mention that Rule 56(c), Rules of Civil Procedure, 16 A.R.S., provides for the granting of summary judgment, " * * * if the pleadings, deposition * * *, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) prescribes the form of affidavits, and, at the time this case was tried below, read in pertinent part as follows:

"56(e) * * *

" * * * When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere al-

legations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

In 1963 this rule was amended so as to conform to the Federal Rules of Civil Procedure which Arizona adopted in 1938. The above-quoted portion now reads:

"56(e) * * *

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Amended March 26, 1963. Effective June 1, 1963."

These amendments to Rule 56 do not change the meaning of the rule but merely state more explicitly what had always been the Rule's underlying purpose. See Dressler v. MV Sandpiper (C.A.2d), 331 F.2d 130.

In considering the purpose of summary judgment proceedings the then Judge, later Justice, Cardozo said in Richard v. Credit

Suisse, 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 1041:

"The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial."

It is clear that the affidavit of plaintiff together with the other documents submitted in support of the motion, allege such facts, which, if proven at trial, would establish a prima facie case on an account stated for $10,409.95. This having been done it was then incumbent upon defendants, " * * * to make a counter showing of facts creating an issue which if proven at the trial would legally authorize a judgment in his (their) favor." Nyberg v. Salt River Project Agricultural Improvement and Power Dist., 91 Ariz. 397, 401, 372 P.2d 727. Defendants' answer was a general denial, and when it was attacked by the motion supported by proof of specific facts in the form of affidavits and the other documents, it placed on defendants, "the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleading." Perez v. Tomberlin, 86 Ariz. 66, 68, 340 P.2d 982. The controverting affidavits filed by defendants were clearly inadequate to do this as they amounted to nothing more than general conclusions in the form of denials without any supporting factual basis. They added very little, if anything, to the denials contained in their answer. It is fundamental that an affidavit, by its very nature, must be affirmative and present sufficient materials to show there is a triable issue of a material fact. Perez v. Tomberlin, supra.

Defendants' affidavits should have shown what proof they had in support of their denials. They cannot withhold this showing until the time of trial. Colby v. Bank of Douglas, 91 Ariz. 85, 370 P.2d 56. In effect, what defendants are contending is that they have made negative or contradictory allegations creating a genuine issue and they might have evidence to support it. This they cannot do. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712. When the motion for summary judgment was filed by plaintiff, together with proof of specific facts, the time had arrived for them to come forward with a showing of facts equally as specific to controvert them. Mere denials will not suffice at this point. See Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187.

The reasons for affirming the lower court's action are even more compelling in the case at bar due to the fact that the complaint alleged an account stated and was answered only by a general denial. An account stated can be impeached only for mistake or fraud. Ralston v. Morgan, 50 Ariz. 504, 73 P.2d 94. Neither of these points are

raised by defendants herein either by their pleadings or in the affidavits.

Appellants also urge that it was error for the lower court to render judgment against Dollie A. Wakeham, co-defendant, for the reason that there was a failure to show that she assented to the account. The argument is based upon the fact that her husband wrote the letter and summary which plaintiff filed in support of the motion for summary judgment. The record before us indicates that both the husband and wife joined in the agreement to purchase the real estate involved herein and signed the original escrow agreements. In writing the letter and summary the husband was merely acting in his capacity as manager of the business affairs of the community. As we have said: "Pursuant to A.R.S. § 25–211, the husband is in charge of the business affairs of the community." Spector v. Spector, 94 Ariz. 175, 182, 382 P.2d 659. See also, Donato v. Fishburn, 90 Ariz. 210, 367 P.2d 245.

The evidence clearly establishes the contention of the plaintiff that an account stated had been rendered by the defendants showing that defendants were indebted to plaintiff in the sum of $10,409.95.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and SCRUGGS, JJ., concurring.