425 P.2d 837

**Betty Jo KNIGHT et al., Appellants,**
v.
**Cecil DeMARCUS et ux., Appellees.**
No. 8228.

Supreme Court of Arizona,
In Division.
March 29, 1967.
Rehearing Denied May 23, 1967.

John M. Levy, Phoenix, Emmett R. Feighner, Phoenix (deceased), for appellants.

Vanlandingham, Stoneman & Lynn, Max M. Klass, Phoenix, for appellees.

BERNSTEIN, Chief Justice.

Plaintiff, Cecil DeMarcus, brought a quiet title action in the Superior Court of Maricopa County. From an order granting plaintiff a summary judgment, defendants appeal.

Cecil DeMarcus acted as special master in a divorce action involving appellant Josephine Hanner, Superior Court case No. 49044, and was awarded a fee of $5,072.10 for his services. Rule 53(a), Rules of Civil Procedure, A.R.S. 16. This award was subsequently affirmed by this court in Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239,[1] in which we held that the trial court was properly acting within its discretion in ordering Josephine Hanner, defendant both in the divorce action and the present quiet title action, to pay the master's fee.

The fee had been set by the lower court in June 1959, but remained unpaid in September of the same year when the plaintiff, DeMarcus, secured an execution against the property presently in question. A sale following the execution was made in October and the property was purchased by the plaintiff for a price approximately equal to the judgment.

In April of 1962 a sheriff's deed was issued to DeMarcus, and it is on the basis of this deed that he now seeks to quiet title in the described property. The named defendants are Josephine Hanner, Betty Jo Knight (daughter of Josephine Hanner) and two creditors, Glenn Nesbitt and Gladys Barnd who claim a lien interest in

1. This decision not being rendered until after the quiet title action had been brought in the Superior Court.

the land. On plaintiff's motion, the trial court granted him a summary judgment and subsequently denied the defendants' motion for a new trial.

■ Rule 56(e), Rules of Civil Procedure, A.R.S. 16 provides that once a motion for summary judgment has been made and supported, the adverse party must answer in detail as specific as that of the moving papers or else summary judgment will be entered against him. Because plaintiff's deposition and affidavits presented a prima facie case for quiet title (infra), Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187, and because defendants Nesbitt and Barnd failed to answer with opposing affidavits, we conclude that summary judgment was properly entered against them. We turn now to a consideration of the summary judgment granted against defendants Josephine Hanner and Betty Jo Knight.

■ Summary judgment may be properly granted when, one, the pleadings, depositions, and affidavits present no genuine issue as to any material fact and, two, the moving party is entitled to a judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, A.R.S. 16. Defendants present several reasons why they think summary judgment was improvidently granted in the present case, these being discussed below.

■ First, defendants contend that plaintiff's affidavit was defective because it fails to state it was made upon his personal knowledge and because neither the affidavit nor the attached exhibits were sworn to or certified. We have previously held that when, as here, the contents of an affidavit show that its material parts are statements of the affiant's personal knowledge, it is unnecessary to specifically state that the statements therein are a part of the affiant's personal knowledge. Hoffer v. Wetzel, 95 Ariz. 384, 390 P.2d 911.

■ Likewise we held in Hoffer v. Wetzel, supra, that failure to certify or swear to exhibits or affidavits is not a jurisdictional defect and that an objection

in this respect may be waived. Since no objection for failure to comply with this required formality was raised while the lower court was considering the motion for summary judgment, we deem the objection to have been waived. Moreover, it would be purposeless, under the circumstances, to send the case back to the trial court for the sole purpose of having plaintiff correct the errors in his affidavit. See Colby v. Bank of Douglas, 91 Ariz. 85, 370 P.2d 56.

Secondly, defendants contend that there were several issues of fact that should properly have prevented the summary judgment. First of these issues advanced by the defendants is whether the plaintiff had given defendants "notice" of his intention to execute on the property in question. They argue that Rule 53(a), Rules of Civil Procedure, A.R.S. 16 imposes such a notice requirement. We disagree. The pertinent portion of that rule is as follows:

"* * * (W)hen the party ordered to pay the compensation allowed by the court does not pay it after notice and within the time prescribed by the court, the master is entitled to a writ of execution against the delinquent party."

■ A cursory reading of the rule makes it evident that the word "notice" refers to a notice to the debtor of his obligation and that the rule does not then further require a notice of an intent to execute, once notification of the judgment is properly given. Therefore whether or not defendants had notice of the intended execution is immaterial and does not stand in the way of a summary judgment. Maloy v. Taylor, 86 Ariz. 356, 346 P.2d 1086.

■ Defendants further contend that the question of whether the property executed upon was held in joint tenancy between defendants Josephine Hanner and Betty Jo Knight, was a material issue of fact. This matter could be material only to Betty Jo Knight who was not a party to the Hanner v. Hanner action, supra, and she specifically disclaimed, under oath, any interest in the

property. The following is taken from the Supplemental Abstract of Record:

"Q. Do you have a claim or did you ever claim any interest in those lots?

"A. (Betty Jo Knight): No, sir."

In addition the following comes from an examination of Josephine Hanner:

"Q. Mrs. Hanner, your daughter testified she has no interest in those lots, isn't that correct?

"A. You mean that she bought the interest, or something of that sort?

"Q. You heard her testimony that she had no interest in that property described in that Exhibit?

"A. She would if I died; they would belong to her.

"Q. But at the moment as far as you are concerned and she is concerned—

"A. They are mine, my lots."

■ Rule 53(a), supra, providing for the appointment and compensation of special masters is clear in its terms. If the compensation is not paid, the rule provides a means by which payment may be secured. We disagree with defendant's contention that this method is either vague or lacking in the protections guaranteed by the due process clauses of either the Arizona or Federal Constitutions.

■ Neither do we agree with defendants' claim that such compensation is in the nature of "costs" and that payment thereof should be suspended pending appeal. If the defendants wished to stay execution of the judgment rendered against Josephine Hanner, pending appeal, this could easily have been accomplished by filing a supersedeas bond in accordance with Rules 62(d) and 73(k), Rules of Civil Procedure, A.R.S. 16. This, however, was not done.

■ We conclude that the plaintiff acted entirely within his rights as prescribed by statute. He was awarded a reasonable compensation for his services and was not paid. As a result, he sought relief in a manner provided by statute for persons in his exact position. Similarly, we conclude under the circumstances, contrary to defendants' urgings, that the plaintiff did not act adversely to notions of equity in executing against the particular property in question, despite indications that it was worth considerably more than the judgment. In the first place, it was reasonable for the plaintiff to assume that the property in question was the only suitable separate property of Josephine Hanner upon which to execute and that it was naturally preferable to execute against it as opposed to property she held in community. In the second place, defendant was nevertheless free, for a period of six months, to exercise her statutory equity of redemption as a means of preserving her interest in the property. A.R.S. §§ 12–1281 to 12–1289. Again, defendant neglected to use the appropriate remedy.

Judgment affirmed.

McFARLAND, V. C. J., and UDALL, J., concur.