449 P.2d 635

**Abe SINER, Appellant,**

v.

**Spencer D. STEWART and Mary Jane Stewart, individually and as husband and wife, Appellees.**

**No. I CA–CIV 647.**

Court of Appeals of Arizona.

Jan. 24, 1969.

Rehearing Denied Feb. 21, 1969.

Review Denied April 8, 1969.

Kenneth S. Scoville and LeRoy W. Hofmann, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by Joseph S. Jenckes, Jr., and Robert R. Mills, Phoenix, for appellees.

DONOFRIO, Chief Judge.

This is an action on a promissory note. The appellees, Mr. and Mrs. Spencer D. Stewart, signed a promissory note, promising to pay the appellant, Abe Siner, six months thereafter, the sum of $13,800 with interest at the rate of 7%. The note further provided, "Should suit be brought to recover on this note, we promise to pay as attorney's fees a reasonable amount additional on the amount found due here-

under". After the note became due the Stewarts obtained an extension from Abe Siner. Some time prior to October 11, 1966, Abe Siner through his brother, Mr. Bernard B. Siner, a California attorney, employed Mr. Kenneth S. Scoville to represent him in the collection of the promissory note. On October 11, 1966, counsel for the Stewarts was notified that Mr. Scoville had been retained by the appellant. About a week later a suit was filed against all of the appellees on behalf of Abe Siner.

In addition to a suit on the $13,800 plus interest, the complaint also stated:

" * * * That by reason of the Defendants' failure to pay said note, Plaintiff has been required to employ BERNARD B. SINER and KENNETH S. SCOVILLE as his attorneys for the purpose of instituting and prosecuting the above action and that the sum of FOUR THOUSAND, SIX HUNDRED SIXTY-SIX DOLLARS AND SIXTY-SIX ($4,666.66) CENTS is a reasonable sum to be allowed Plaintiff for the fees of his attorneys herein."

The complaint was signed:

"KENNETH S. SCOVILLE, and BERNARD B. SINER

BY /s/ LEROY W. HOFFMAN
————————————————————
LEROY W. HOFFMAN
Attorneys for Plaintiff"

In the latter part of October one of plaintiff's attorneys, Mr. Bernard B. Siner, the attorney-brother of the appellant and not licensed to practice law in Arizona, contacted the Stewarts. He informed them that one of the co-signers was entitled to a $5,400 credit on the note, and that Abe Siner would accept $8,400 in full payment of the note provided payment was made before the end of October, 1966. In accordance with this agreement, on October 31, 1966 the Stewarts deposited with the Union Bank of San Diego $8,400 with instructions to deliver said amount to Abe Siner upon his execution of a receipt and release. On November 1, 1966, Abe Siner acknowledged receipt of the $8,400 and

signed a release. In the release Abe Siner caused this present action to be dismissed with prejudice as against the Stewarts and held them "harmless of and from any claims made by any person whomsoever under the promissory note * * * ".

Thereafter the Stewarts' counsel filed an answer affirmatively pleading the release as a defense to the action. A motion for summary judgment was granted over the objection of appellant's counsel, Mr. Kenneth S. Scoville. His objection was on the grounds that the release upon which the motion was founded constituted an unlawful attempt to avoid payment of attorney's fees owing to appellant's counsel for services rendered in the action and in the collection of the note. He urged counsel by-passed him by dealing directly with his client. We are unable to find any direct assertion of fact that counsel for defendants (appellees) dealt with the client.

It is sufficient to point out that the Stewarts swore in an affidavit in support of their motion for summary judgment that they were contacted through Mr. Bernard B. Siner. In the complaint it is stated that Mr. Bernard B. Siner was hired as Abe Siner's attorney. At the end of the complaint Mr. Bernard B. Siner's name is typed, indicating that he also was representing Abe Siner. There is nothing controverting these facts evidenced in the instruments of record.

Our Supreme Court has passed upon the power of a client to compromise a lawsuit brought in his behalf. In two different cases it has said:

"The law favors the settlement of litigation, and it is well established that a client may, without the consent of his attorney, settle and compromise with his adversary all matters of litigation in such manner and upon such terms as he may deem necessary for the protection of his interests. * * * " Millsap v. Sparks, 21 Ariz. 317, 321, 188 P. 135, 136 (1920); Employers Casualty Co. v. Moore, 60 Ariz. 544, 548, 142 P.2d 414 (1943).

There is authority which permits an attorney to intervene and prosecute an action to judgment in his own behalf where there has been a fraudulent attempt by the parties of the litigation to settle the suit. 67 A.L.R. 442 (1930). Without deciding whether an attorney in Arizona has a lien for his services, we quote from Corpus Juris Secundum:

> "The lien of an attorney will be protected against a collusive settlement of litigation in fraud of such lien. Where a settlement is made collusively and with the purpose of depriving the attorneys of their compensation, the court will withhold its sanction of the adjustment in suits to enforce attorneys' liens, although ordinarily anxious to ratify the honest settlement of a pending action." 7 C.J.S. Attorney and Client § 231.

In the instant case there was no evidence of any collusion. The affidavit and documents before the Court show that there was no material issue to be determined. The appellant was obligated to file either affidavits or some other evidence controverting those facts alleged to be true by the appellees' affidavit. When he failed to do so, the facts stated by the appellees were to be considered as true. Swansea Properties, Inc. v. Hedrick, 3 Ariz.App. 594, 416 P.2d 1015 (1966); Luplow v. Pasqualetti Properties, Inc., 101 Ariz. 90, 416 P.2d 414 (1966).

The uncontroverted evidence supports only one finding, i. e., that a promissory note was signed and a receipt and a release was negotiated through an attorney in California and the parties in Arizona while litigation was pending in Arizona. If the Arizona attorney for the appellant had any evidence to support his contention that the litigants intended to defraud him of his just compensation, such evidence should have been offered at the time of his response to a motion for summary judgment. Chenowth v. Epperson, 3 Ariz. App. 316, 414 P.2d 165 (1966); Knight v. DeMarcus, 102 Ariz. 105, 425 P.2d 837 (1967).

Limited to the facts herein, we affirm the granting of the summary judgment by the trial judge.

STEVENS and CAMERON, JJ., concur.